People v Brown (2024 NY Slip Op 50840(U))

[*1]

People v Brown

2024 NY Slip Op 50840(U)

Decided on July 3, 2024

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 3, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Jovan Brown, Defendant

Docket No. CR-0452834-23KN

Prosecution: Kings County District Attorney's Office by ADA Conor Hayes
Defendant: The Legal Aid Society by Rebecca Laden

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that omissions in the Prosecution's automatic discovery render their Certificate of Compliance (COC) and Statement of Readiness (SOR) illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion is GRANTED.
 BACKGROUND AND PRIOR PROCEEDINGS
Defendant was arraigned on a misdemeanor complaint on December 11, 2023, charging PL §120.00(1), Assault in the Third Degree and related charges. On March 6 and 8, 2024, the Prosecution served several items of initial discovery. On March 11, 2024, the Prosecution filed additional discovery and a COC and SOR. On March 15, the parties appeared in part DV1; the Court instructed them to confer regarding missing discovery and Defendant to file any motions challenging the COC before the next court appearance on May 7. On April 23, 2024, Defendant, through counsel, requested several items of discovery via email; the Prosecution replied on April 25. On April 30, Defendant, through counsel, requested additional items via email; the Prosecution replied on the same day. On May 3, 2024, Defendant, through counsel, alerted the Prosecution to additional missing discovery. On May 6, 2024, Defendant filed the instant motion to dismiss.
Defendant argues that the Prosecution's failure to disclose the following discovery renders their COC invalid: a list of names and work affiliations, body-worn camera footage (BWC), activity logs, and Giglio materials for several members of the New York City Police Department (NYPD) involved in the case, including Detective De Palma, Officers Debour, Rodriguez, and Spina, as well as an unidentified female police officer visible on another officer's [*2]BWC on scene; activity logs for the correct date and time of the alleged incident and arrest [FN1]
for Officers Lodestro, Heegan, Dellavecchia, and Sukhnandan; the command log; and the roll call log.
The Prosecution argues that their COC was valid under CPL §245.50. They contend that no activity log exists for Detective De Palma, as detectives never use activity logs. For Officers Rodriguez, Debour, and Spina, they argue that their role in the case amounts to data entry, so their activity logs and BWC contain nothing discoverable. The Prosecution also argues Defendant's motion is untimely. They highlight the timeline of the case, arguing Defendant was impermissibly lying in wait: they filed their COC on March 11 and the court ordered the parties to confer on March 15, but Defendant, through counsel, did not first address missing discovery until April 23 and did not file the instant motion until May 6.

RELEVANT LAW
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to "all items and information that relate to the subject matter of the case and are in possession, custody or control of the prosecution or persons under the prosecution's direction and control" (CPL §245.20[1]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further provides that "[n]o adverse consequences to the prosecution shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
Pursuant to CPL §30.30(1)(b), the prosecution must declare trial readiness within ninety days from the date of commencement of a misdemeanor criminal action. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for [*3]an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 

 ANALYSIS
List of Names and Work Affiliations, BWC, Activity Logs, and Giglio Materials for Detective De Palma and Officers Debour, Rodriguez, and Spina
A complete list of the names and work affiliations of all members of the NYPD involved in the case, including whether each person will be called as a witness is subject to automatic discovery (CPL §245.20[1][d]). The Prosecution does not explain why they failed to provide such a list to Defendant as part of initial discovery.
The Court credits the Prosecution's assertion that no activity log exists for Detective De Palma. However, the Prosecution fails to state whether Detective De Palma has BWC; if it exists, the BWC is subject to automatic discovery and should have been disclosed to Defendant (CPL §§ 245.20 [e], [g], [k]). The Court also credits the Prosecution's assertion that Officers Debour, Rodriguez, and Spina's involvement in the case was such that they do not have BWC or activity logs with any information related to this case.
The Court agrees with the Prosecution that CPL §245.20(1)(k)(iv) requires impeachment materials only for testifying witnesses. The Prosecution states in their opposition, "The Giglio information requested by defense counsel is not discoverable because the people as [sic] these officers are not testifying witnesses." Although they fail to describe which officers to whom they refer, the Court must infer that they mean those whom Defendant listed in the instant motion, Detective De Palma and Officers Debour, Rodriguez, and Spina. Assuming that none of these members of the NYPD is a testifying witness, the Prosecution's argument is sound. However, because the Prosecution failed to disclose a list detailing whether each will be a testifying witness, the Court lacks sufficient information to be certain. 
Name, Information, and Other Materials for Unidentified Female Officer
The Court finds that the name and work affiliation of the unidentified officer shown in the BWC still shot are subject to automatic discovery (CPL §245.20[1][d]). She is visible on scene from another officer's BWC, so there is a rebuttable presumption that she has information related to the case or arrest, however minimal. If they exist, this officer's BWC and activity log are also subject to automatic discovery (CPL §§ 245.20[1][e], [g], [k]). In the absence of any competing arguments from the Prosecution, the Court finds that this information should have been disclosed to Defendant.
Activity Logs for Officers Lodestro, Heegan, Dellavecchia, and Sukhnandan
Activity logs for Officers Lodestro, Heegan, Dellavecchia, and Sukhnandan are subject to automatic discovery (CPL §§ 245.20[1][e], [k]). The Prosecution offers no explanation as to why the incorrect activity logs were disclosed, or what efforts they made to obtain and disclose the correct ones. The Court finds that the activity logs at issue should have been disclosed to Defendant.
Command Log and Roll Call Log
The Court finds that the command log and roll call log are subject to automatic discovery (CPL §§ 245.20[1][e], [d]). In their opposition, the Prosecution neither disputes their [*4]discoverability or existence, nor explains their efforts to obtain them. As such, the command log and roll call log should have been disclosed to Defendant.
Timeliness of Defendant's Motion
The Prosecution's argument regarding the timeliness of Defendant's motion is meritless. They do not point to any statutory authority setting forth time requirements for motions to dismiss. Instead, they argue that the instant motion is no more than a delay tactic made in bad faith. First, the Court notes that Defendant complied with the instructions the Court gave at the March 15 appearance, specifically, to confer about missing discovery and file any motions prior to the next court date, May 7. Second, Defendant's motion raises several discovery issues that the Prosecution fails to rebut. Based on the facts before the Court, there is a substantial amount of missing discovery that is unaccounted for by the Prosecution. It strains logic to suggest that such a motion serves only to delay proceedings. On the contrary, the Prosecution has failed to demonstrate due diligence and good faith in their efforts to ascertain and disclose discoverable materials to Defendant. The Court finds that Defendant's motion was time and the Prosecution's COC was illusory.
Speedy Trial
It is undisputed that Defendant was arraigned on December 11, 2023. Because the Prosecution's COC was illusory, it failed to stop the speedy trial clock. Speedy trial time ran until Defendant filed the instant motion on May 6, 2024. The Prosecution is charged one hundred and forty-seven days. Accordingly, Defendant's motion to dismiss pursuant to CPL §30.30 is granted.
This constitutes the decision and order of the Court.
Dated: July 3, 2024
Brooklyn, New York
Hon. Joshua Glick

Footnotes

Footnote 1:The Prosecution turned over activity logs for Officers Lodestro, Heegan, and Dellavecchia pertaining to the wrong date; for Officer Sukhnandan, the activity log pertains to the correct date, but the first entry on the log is several hours after the alleged events in this case.