■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMION A. COX, Appellant. [31 NYS3d 597]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered August 5, 2014, convicting him of making an unlawful turn, reckless driving, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review an order of the same court (Holder, J.) dated November 6, 2013, which denied, without a hearing, the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.

Ordered that the judgment is reversed, on the law, the order is vacated, the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial is granted, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On February 11, 2013, the People moved to take a buccal swab from the defendant for a DNA test. This motion was made approximately 19 months after a felony complaint was filed against the defendant on July 21, 2011, approximately 15 months after the defendant was indicted on November 30, 2011, and approximately 4 months after the court rendered a decision on October 9, 2012, denying, after a hearing, those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials. The defendant consented to the taking of the buccal swab on the same day that the People made their motion. On June 21, 2013, the People produced a complete report of the results of the DNA test and declared that they were ready for trial. The defendant thereafter moved pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial, and the Supreme Court denied the motion.

Contrary to the People's contention, the defendant did not consent to a 121-day period of delay between February 11, 2013 and June 21, 2013 while the People were awaiting the DNA test results (see People v Worley, 66 NY2d 523, 527 [1985]), and the People did not establish that the defendant expressly sought the DNA test results as part of a discovery request (see People v Williams, 278 AD2d 44 [2000]; People v Ocasio, 39 Misc 3d 465, 480 [Sup Ct, Bronx County 2013]). In addition, because the People failed to exercise due diligence in obtaining DNA evidence, that period of delay was not excludable on the ground that their need to obtain the DNA test results constituted excusable, exceptional circumstances (see

CPL 30.30 [4] [g]; *People v Gonzalez*, 136 AD3d 581 [2016]; *People v Clarke*, 122 AD3d 765 [2014], *lv granted* 25 NY3d 950 [2015]; *People v Wearen*, 98 AD3d 535, 538 [2012]; *People v Rahim*, 91 AD3d 970, 972 [2012]; *see also People v Fuggazzatto*, 96 AD2d 538, 540 [1983], *mod* 62 NY2d 862 [1984]; *see generally People v Washington*, 43 NY2d 772, 773 [1977]). Adding this period of time to the periods of delay correctly conceded by the People, the People exceeded the six-month period in which they were required to be ready for trial (*see* CPL 30.30 [1] [a]). Accordingly, the judgment must be reversed, the defendant's motion pursuant to CPL 30.30 granted, and the indictment dismissed.

In light of our determination, we do not reach the defendant's remaining contentions. Leventhal, J.P., Roman, Hinds-Radix and Brathwaite Nelson, JJ., concur.