People v Lisene (2022 NY Slip Op 00194)





People v Lisene


2022 NY Slip Op 00194


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2013-08242
 (Ind. No. 641/12)

[*1]The People of the State of New York, respondent,
v
Alpha Lisene, appellant.


Patricia Pazner, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Andrew S. Durham of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miriam Cyrulnik, J.), rendered August 6, 2013, convicting him of criminal sexual act in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
Pursuant to CPL 30.30(1)(a), the Supreme Court must grant a motion to dismiss an indictment charging a felony offense where the People are not ready for trial within six months after the commencement of the criminal action, which, in this case, consists of a period of 182 days. Once the People announce that they are ready for trial, postreadiness delay is chargeable to them only "when the delay is attributable to their inaction and directly implicates their ability to proceed" (People v Carter, 91 NY2d 795, 799; see People v McCarthy, 146 AD3d 983, 983). Therefore, with respect to postreadiness delay, in contrast to prereadiness delay, "any period of an adjournment in excess of that actually requested by the People is excluded" (People v Young, 110 AD3d 1107, 1108). However, "[t]o be effective, a statement of readiness must be communicated . . . at a time when the People are truly ready to proceed" (People v Carter, 91 NY2d at 798; see People v Sibblies, 22 NY3d 1174, 1180 [Graffeo, J., concurring]; People v Kendzia, 64 NY2d 331, 337). "A statement of readiness at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock" (People v England, 84 NY2d 1, 4). The People's statement of readiness is presumed to be correct, "[i]n the absence of proof that the readiness statement did not accurately reflect the People's position" (People v Carter, 91 NY2d at 799; see People v Sibblies, 22 NY3d at 1180).
Here, the defendant contends that the Supreme Court erred in denying his motion pursuant to CPL 30.30 to dismiss the indictment, upon determining that two statements of readiness made by the People in February 2012 were not illusory. Although we agree that the People failed to refute the defendant's allegations that the statements of readiness in question were illusory, we nevertheless conclude that the total time chargeable to the People was less than the six-month time period provided by CPL 30.30(1)(a).
The defendant met his initial burden on the motion to dismiss the indictment by [*2]alleging that the People failed to declare readiness within the statutorily prescribed period (see People v Beasley, 16 NY3d 289, 292; People v Perkins, 175 AD3d 1327, 1328). Further, the defendant rebutted the presumption of validity as to the People's February 2012 statements of readiness, by pointing to the People's later statements of unreadiness for trial, made while they were purportedly awaiting the results of certain DNA testing being conducted by the Office of the Chief Medical Examiner (hereinafter OCME) (see People v Sibblies, 22 NY3d at 1181; People v Bonilla, 94 AD3d 633, 633). In opposition to the defendant's motion, it was the People's burden to explain the reason for their change in readiness status (see People v Brown, 28 NY3d 392, 406). The People failed to do so, instead merely reiterating, without explanation, that they had stated ready on the dates in question. As such, on the record before it, the Supreme Court erred in determining that the subject statements of readiness were valid (see People v Sibblies, 22 NY3d at 1180-1181; see also People v Cole, 73 NY2d 957, 958).
"If the court determines that [an] off-calendar statement of readiness was illusory, it should calculate any delay chargeable to the People as required by statute as if the illusory statement of readiness was never made" (People v Brown, 28 NY3d at 406). Applying that principle here, we find that the 35 days from the commencement of the action on January 18, 2012, until the defendant's arraignment on the indictment on February 22, 2012, were chargeable to the People (see People v Correa, 77 NY2d 930, 931). However, contrary to the defendant's contention, the 28 days from February 22, 2012, to March 21, 2012, were excludable, since the Supreme Court adjourned the case at the suggestion of defense counsel, in order to obtain certain of the complainant's school records (see People v Worley, 66 NY2d 523, 527; cf. People v Cox, 139 AD3d 1083, 1084). As to the adjournment from March 21, 2012, to June 13, 2012, the defendant conceded before the court that his filing of a motion, inter alia, to inspect the grand jury minutes on April 5, 2012, rendered the remainder of that period excludable pursuant to CPL 30.30(4)(a). As such, the defendant's present contention that the same period was chargeable to the People is unpreserved for appellate review (see People v Beasley, 16 NY3d at 293). Contrary to the defendant's further contention, the 15 days of that adjournment period prior to the filing of his motion were excludable pursuant to CPL 30.30(4)(a), under the practice of open file discovery (see People v Dorilas, 19 Misc 3d 75, 76-77 [App Term, 2d Dept, 2nd & 11th Jud Dists]). By contrast, after the determination of the defendant's motion, inter alia, to inspect the grand jury minutes, the 35 days between June 13, 2012, and July 18, 2012, during which time the People were awaiting DNA testing reports from OCME and had otherwise failed to make a valid statement of readiness, should have been charged to the People (see People v Cox, 139 AD3d at 1084; cf. People v McCray, 238 AD2d 442, 444). The defendant failed to preserve for appellate review (see People v Beasley, 16 NY3d at 293) his contention that the eight-day period from September 12, 2012, to September 20, 2012, was chargeable to the People on account of prereadiness court congestion.
In view of the defendant's concessions that the periods between August 29, 2012, and September 12, 2012 (14 days), and between September 20, 2012, and November 7, 2012 (48 days), were excludable, and the People's concessions that the 42 days from July 18, 2012, to August 29, 2012, and the 35 days from November 7, 2012, to December 12, 2012, were chargeable to them, a total of 147 days were chargeable to the People, less than the six-month time period provided by CPL 30.30(1)(a). Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPL 30.30 to dismiss the indictment.
Nevertheless, a new trial is required based upon the Supreme Court's erroneous preclusion of certain witness testimony. "[A] party has a right to call a witness to testify that a key opposing witness, who gave substantive evidence and was not called for [the] purposes of impeachment, has a bad reputation in the community for truth and veracity" (People v Pavao, 59 NY2d 282, 290; see People v Fernandez, 17 NY3d 70, 76; People v Hanley, 5 NY3d 108, 112). "The purpose of this rule is to 'ensure[ ] that the jury is afforded a full picture of the witnesses presented, allowing it to give the proper weight to the testimony of such witnesses'" (People v Fernandez, 17 NY3d at 76, quoting People v Hanley, 5 NY3d at 112).
Here, the defendant sought to introduce testimony from Marie Anisca-Oral, a friend [*3]of his older sister, on the subject of the reputation for truthfulness and veracity of the eight-year-old complainant's mother (hereinafter the mother), who testified for the prosecution. In order to lay the foundation for such testimony, Anisca-Oral, a staff sergeant in the United States Army, described a community of seven or eight friends and acquaintances, predominantly of Haitian nationality, and predominantly living within certain neighborhoods in Brooklyn. Anisca-Oral testified that she had known the mother since 1999, that almost everyone she knew also knew the mother, and that every time she saw her acquaintances among this group, the mother's reputation for truthfulness and veracity was discussed. The Supreme Court sustained the People's objection to the proffered testimony. We hold that this determination was erroneous.
"[T]he presentation of reputation evidence by a criminal defendant is a matter of right, not discretion, once a proper foundation has been laid" (People v Fernandez, 17 NY3d at 78; see People v Hanley, 5 NY3d at 114). "A reputation may grow wherever an individual's associations are of such quantity and quality as to permit him to be personally observed by a sufficient number of individuals to give reasonable assurance of reliability" (People v Bouton, 50 NY2d 130, 139). "The trial court must allow such testimony, once a foundation has been laid, so long as it is relevant to contradict the testimony of a key witness and is limited to general reputation for truth and veracity in the community; the weight given to such evidence should be left in the hands of the jury" (People v Hanley, 5 NY3d at 112). Here, Anisca-Oral's testimony provided a "reasonable assurance of reliability," by reporting the views of a sufficient number of people, based on sufficient experience with the mother (People v Fernandez, 17 NY3d at 76). Contrary to the determination of the Supreme Court, neither the specific number of individuals in the purported community, nor the duration of their respective relationships with the mother was dispositive of whether Anisca-Oral was qualified to testify about the mother's reputation for truthfulness and veracity among their common acquaintances (see generally People v Durrant, 173 AD3d 890, 892; Matter of Trayvon J., 103 AD3d 413, 414; People v Hopkins, 56 AD3d 820, 822). Moreover, and contrary to the People's contention on appeal, the mother was a key fact witness, whose credibility was sharply contested and relevant both to the People's case and to the defendant's theory of defense. As such, Anisca-Oral's testimony should have been permitted in order to ensure that the jury be afforded a full picture of the mother's credibility, with the jury permitted to give such testimony the proper weight as it saw fit (see People v Fernandez, 17 NY3d at 76). Because the evidence of the defendant's guilt was less than overwhelming, the error cannot be deemed harmless, and a new trial is warranted (see People v Crimmins, 36 NY2d 230, 242).
In light of our determination, we need not reach the defendant's remaining contentions, including his contention that certain remarks in the prosecutor's summation deprived him of a fair trial. However, since a new trial is required, we take this opportunity to remind the People that "summation is not an unbridled debate in which the restraints imposed at trial are cast aside so that counsel may employ all the rhetorical devices at his [or her] command" (People v Ashwal, 39 NY2d 105, 109), but rather, "[t]here are certain well-defined limits" (id. at 109). Among other things, "a prosecutor should avoid inflammatory, disparaging comments that might prejudice the jury against the defendant, and should refrain from vouching for the credibility of the People's witnesses or bolstering those witnesses' testimony" (People v Dawson, 178 AD3d 719, 720-721, citing People v Ashwal, 39 NY2d at 109-110). "'A prosecutor would be well-advised not to test these limits, both so as to stay within his or her proper truth-seeking role and so as to avoid the waste of time and expense that occurs when a new trial must be conducted solely on the basis of summation misconduct'" (People v Dawson, 178 AD3d at 721, quoting People v Singh, 128 AD3d 860, 863).
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court