People v Wahhab (2022 NY Slip Op 03256)

People v Wahhab

2022 NY Slip Op 03256

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2020-01024
 (Ind. No. 1763/10)

[*1]The People of the State of New York, appellant,
v
Sadiq Abdul Wahhab, respondent.

Anne T. Donnelly, District Attorney, Mineola, NY (Yael V. Levy and Mary Faldich of counsel), for appellant.
Alan Katz, Garden City, NY, for respondent.

DECISION & ORDER
Appeal by the People from so much of an order of the Supreme Court, Nassau County (Angelo A. Delligatti, J.), entered January 8, 2020, as granted that branch of the defendant's motion which was pursuant to CPL 440.20(1) to set aside a sentence of the same court (John L. Kase, J.), imposed April 19, 2012, upon his conviction of robbery in the second degree (two counts), upon a jury verdict, and directed that he be resentenced.
ORDERED that the order is affirmed insofar as appealed from.
In 2012, the defendant was convicted of two counts of robbery in the second degree. On April 19, 2012, he was adjudicated a second felony offender, based upon his earlier conviction of the federal offense of bank robbery (18 USC § 2113[a]), and sentenced to concurrent determinate terms of imprisonment of 13 years, to be followed by a period of postrelease supervision of 5 years. In a post-judgment CPL article 440 motion, dated May 9, 2019, the defendant moved, inter alia, to vacate his sentence, contending that it was unlawful because his prior conviction for "federal bank robbery" in violation of 18 USC § 2113(a) was improperly used to adjudicate him a second felony offender. In opposition, the People contended that the defendant waived his challenge to the sentence, and that, in any event, the defendant was properly sentenced as a second felony offender because his conviction under 18 USC § 2113(a) qualified as a prior felony offense within the meaning of Penal Law § 70.06(1)(b). In the order appealed from, the Supreme Court, among other things, set aside the defendant's sentence, finding that he was permitted to raise his claim in a post-judgment motion, and that the defendant's prior conviction under 18 USC § 2113(a) did not qualify as a predicate felony because that statute could be violated by conduct that would not constitute a felony under New York law, namely, attempting to obtain property by extortion (see Penal Law §§ 110.05[7]; 155.30[6]). The People appeal.
Contrary to the People's contention, the defendant did not waive his current contention as to the legality of his sentence. Waiver cannot be accomplished through silence (see People v Jurgins, 26 NY3d 607, 611; People v Dickinson, 18 NY3d 835, 836). Here, the defendant did not admit at sentencing that his prior conviction under 18 USC § 2113(a) was the equivalent of a New York felony. Although pursuant to CPL 400.21(3) uncontroverted allegations in a predicate felony statement shall be deemed to have been admitted by a defendant, the predicate felony [*2]statement provided to the defendant in this case did not allege that his conviction under 18 USC § 2113(a) was the equivalent of a New York felony, and thus the defendant was not given an opportunity to controvert that allegation.
The People's contention that the Supreme Court's determination runs afoul of this Court's precedents lacks merit. As the People correctly note, 18 USC § 2113(a) was amended in 1986 to include the phrase "or obtains or attempts to obtain by extortion." Since the date of that amendment, however, this Court has not explicitly found that a violation of 18 USC § 2113(a) constitutes a predicate felony when adjudicating a defendant a second felony offender (cf. People v Cosme, 99 AD3d 940).
The People argue on appeal that under a narrow exception to the rule set forth in People v Olah (300 NY 96, 98), the underlying allegations concerning the defendant's predicate conviction must be considered in this case in order to determine whether a violation of 18 USC § 2113(a) was the equivalent of a New York felony (see People v Jurgins, 26 NY3d at 613). However, this argument was never presented to the Supreme Court, and thus, this issue is not preserved for appellate review (see People v Adams, 120 AD3d 1253; People v Garcia, 296 AD2d 509, 510), and we decline to review it in the exercise of our interest of justice jurisdiction.
The People's remaining contention is not properly before this Court.
IANNACCI, J.P., MILLER, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court