People v Serrano (2025 NY Slip Op 00338)

People v Serrano

2025 NY Slip Op 00338

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2022-05302
 (Ind. No. 520/20)

[*1]The People of the State of New York, respondent,
v
Isiah Serrano, appellant.

Patricia Pazner, New York, NY (Maisha Kamal and Joshua Levine of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Charles T. Pollak, and Corey Reisman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Peter F. Vallone, Jr., J.), rendered May 23, 2022, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, in an order of the same court (Michael J. Yavinsky, J.) dated March 1, 2022, of that branch of the defendant's motion which was pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.
ORDERED that the judgment is reversed, on the law, so much of the order dated March 1, 2022, as denied that branch of the defendant's motion which was pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial is vacated, that branch of the motion is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 160.50.
On March 19, 2020, the defendant was indicted on various charges arising out of an incident involving Police Officers Louis Soto and Alex Cruz. Officer Soto testified before the grand jury that the defendant was sitting in a parked car when the plainclothes officers approached him, that Officer Soto did not identify himself as a police officer, that he could not recall whether Officer Cruz identified himself as a police officer, that a struggle ensued over some suspected marijuana in the defendant's hand, and that the defendant drove away, causing injury to each officer. The indicted charges included aggravated assault upon a police officer and assault in the second degree, alleging, among other things, that the defendant caused serious physical injury to Officer Soto and physical injury to Officer Cruz.
The defendant was arraigned on the indictment on April 2, 2020. The People served and filed a certificate of compliance (hereinafter COC) on July 22, 2020, and a notice of readiness for trial pursuant to CPL 30.30 on August 4, 2020. By notice of motion dated November 30, 2021, the defendant moved, inter alia, to dismiss the indictment pursuant to CPL 30.30(1)(a) on the ground that he was deprived of his statutory right to a speedy trial. The defendant contended that the People's declaration of trial readiness was illusory because the COC was not proper when filed, as [*2]the People failed to show that they had exercised due diligence and made reasonable efforts to identify mandatory discovery prior to filing the COC. The defendant identified, among other deficiencies, the failure to disclose certain medical records relating to a surgery Officer Soto underwent for his injuries allegedly sustained as a result of this incident and disciplinary files for Officer Cruz, who had been indicted for official misconduct in another case for the alleged coverup of a fellow officer's sexual assault. The defendant also identified the failure to disclose any "line of duty" paperwork, despite the defendant's request for the same, and the facts that both officers were out "line of duty" for a period of time due to their injuries and Officer Soto ultimately retired due to his injuries. The defendant asserted that the "line of duty" paperwork would include documents relating to the independent medical examinations by the New York City Police Department District Surgeon used to certify that the officers were, in fact, injured and unable to return to full duty, as well as written statements by the officers regarding the manner in which their injuries occurred. The defendant contended that because the COC was deficient and more than six months had elapsed, the statutory speedy trial clock had expired and the indictment was required to be dismissed.
In opposition, the prosecutor asserted that the People had acted with due diligence in the procurement of all discoverable material in their possession and had filed the COC in good faith. Notably, the People did not dispute the existence of the "line of duty" paperwork or address their failure to disclose the material. Nor did the People dispute that if the COC were invalidated, the People exceeded the statutory period of time. In an order dated March 1, 2022, the Supreme Court denied that branch of the defendant's motion which was pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial, finding, inter alia, that the COC was filed in good faith. As to the "line of duty" paperwork, the court determined that it lacked sufficient information about the nature of what that paperwork would disclose and directed the People to disclose that information to the defendant and to thereafter file a supplemental COC. The defendant subsequently pleaded guilty to assault in the second degree in satisfaction of the indictment and now appeals.
Contrary to the People's contention, the order denying that branch of the defendant's motion which was to dismiss the indictment pursuant to CPL 30.30(1)(a) is reviewable on appeal from the judgment of conviction notwithstanding the fact that the judgment was entered upon the defendant's plea of guilty (see id. § 30.30[6]; People v Gore, 224 AD3d 848, 848). Furthermore, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545). The Supreme Court's oral colloquy mischaracterized the appellate rights waived as encompassing a challenge to the voluntariness of the plea, among other things (see People v Bisono, 36 NY3d 1013, 1017-1018; People v Linares, 224 AD3d 776, 399-400). Under the circumstances, the written waiver did not cure the defect in the court's oral colloquy (see People v Bailey, 232 AD3d 1031, 1033; People v Burris, 231 AD3d 1063, 1064; People v Cisse, 228 AD3d 440, 441; People v Erdaide, 216 AD3d 1178).
In felony cases such as this one, CPL 30.30 requires the People to be ready for trial within six months of the commencement of the action (see id. § 30.30[1][a]). Absent an individualized finding of special circumstances, "the prosecution shall not be deemed ready for trial for the purposes of [CPL 30.30] until it has filed a proper [COC]" (id. § 245.50[3]). The COC "shall state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery [under CPL 245.20], the prosecutor has disclosed and made available all known material and information subject to discovery" (id. § 245.50[1]).
CPL 245.20(1) requires the prosecutor to automatically disclose to the defendant "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control." "[A]ll items and information related to the prosecution of a charge in the possession of any New York state or local police or law enforcement agency shall be deemed to be in the possession of the prosecution" (id. § 245.20[2]). Further, the prosecutor is obligated to "make a diligent, good faith effort to ascertain the existence of material or information discoverable under [CPL 245.20(1)] and to cause such material or information to be made available for discovery where it exists but is not within the [*3]prosecutor's possession, custody or control" (id. § 245.20[2]).
When a defendant moves pursuant to CPL 30.30 to dismiss the indictment on the ground that the People failed to exercise due diligence and therefore did not file a proper COC, "the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure" (People v Bay, 41 NY3d 200, 213). "If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed" (id.).
Here, the People do not dispute that the "line of duty" paperwork described by the defendant would be material subject to mandatory disclosure under CPL 245.20. On appeal, the People assert that there is no indication that any "line of duty" paperwork exists. In opposition to the defendant's motion, however, the People did not refute the defendant's assertion that the paperwork existed. "Normally what is not disputed is deemed to be conceded" (People v Gruden, 42 NY2d 214, 216; see People v Cole, 73 NY2d 957, 958). Moreover, as the People bear the burden of establishing that they did, in fact, exercise due diligence and make reasonable inquiries to ascertain the existence of material and information subject to discovery prior to filing the COC, it was incumbent on the People to address the defendant's assertion regarding the "line of duty" paperwork in opposing his motion. Because the People did not establish that they exercised due diligence prior to filing the COC, the Supreme Court should have determined that the COC was improper and accordingly stricken the statement of readiness as illusory (see People v Bay, 41 NY3d at 216). Because the People did not dispute that they had exceeded the applicable period under CPL 30.30(1) at the time of the defendant's motion, that branch of the defendant's motion which was to dismiss the indictment on statutory speedy trial grounds should have been granted. To the extent that the People assert for the first time on appeal that there were several periods of time not chargeable to the People, these contentions were not made before the trial court and therefore are not properly before this Court (see People v Cortes, 80 NY2d 201, 214 n 7; People v Cardona, 207 AD3d 737, 741; People v Wahhab, 205 AD3d 934, 935).
In light of our determination, we do not reach the defendant's remaining contentions.
BARROS, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court