People v Pridgen (2025 NY Slip Op 50259(U))

[*1]

People v Pridgen

2025 NY Slip Op 50259(U)

Decided on February 28, 2025

Supreme Court, Kings County

Cesare, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 28, 2025
Supreme Court, Kings County

The People of the State of New York,

against
Taquan Pridgen, Defendant.

Ind. No. 72199-2024

For Defendant: James M. Fisher, III, Esq.
For the People: Vanessa Contratto, Esq.

Heidi C. Cesare, J.

Defendant is charged by indictment with illegally possessing a loaded pistol. He moves to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial (see CPL 30.30 [1] [a]). He argues that various statements of readiness for trial were illusory because they were not preceded or accompanied by a proper certificate of good faith discovery compliance (CoC) (see id. § 245.50 [1]). Defendant challenges the propriety of the CoC and two supplemental CoCs on the ground that certain items of discovery were outstanding when one or more of those CoCs were filed, principally the names and contact information for the individuals with him when police seized the pistol from him and arrested him. This court finds that the CoCs were improper, but that the number of chargeable speedy trial days does not exceed the number within the six-month period for this case.
I. Background
As reflected in police testimony at the grand jury and police body-worn camera (BWC) recordings provided in discovery and shared with this court, at approximately 3:40 p.m. on March 27, 2024, two police officers spoke to defendant and seven other individuals congregating on or near a bench in the courtyard of a residential apartment building. While speaking to defendant, one of the officers seized a loaded pistol from him and arrested him. Police arrested the other individuals and transported everyone to the 90th Precinct station house. Police arrested a total of eight individuals at the scene in addition to defendant.
As depicted on various police BWC recordings, at the precinct station house, police [*2]created a Prisoner Pedigree Card for each arrestee.[FN1]
This card contains certain personal information as reported by each arrestee, including the person's name, address, and telephone number.[FN2]
The police then presented defendant and the other arrestees to the desk sergeant. Police issued a summons to the other arrestees (see Contratto reply aff in opp to mot at ¶ 18 [B] [3]).
On October 17, 2024, the district attorney filed a CoC and declared ready for trial. The district attorney filed supplemental CoCs dated October 18, 2024, and December 16, 2024, and each contained a declaration of readiness for trial (see EDDS Doc IDs: 79BDSA and MGVBHH). The discovery did not include the names and contact information for the other individuals arrested with defendant. In an email conferral with defense counsel that occurred between the first and second supplemental CoCs, the district attorney stated that the People did not possess any contact information for those individuals except as contained in the police BWC recordings (see Fisher aff in supp of mot, exh B). In opposition papers dated January 27, 2025, the district attorney alleged that "the People have endeavored to find any information regarding the arrests of these individuals and have not found any paperwork at this time. If any such information did exist, it appears to be sealed at this time" (Contratto aff in opp to mot at ¶ 18 [B]).
During an on-the-record discovery conference conducted on February 7, 2025, the assigned assistant explained in more detail the efforts that were made to locate the arrest paperwork for the other arrestees. The assigned assistant searched for the arrest paperwork by using "the paperwork portal that we have with access to any arrest documentation" (tr at 10). She searched based on "dates," "the other officers who were on scene," and "what I could make of last names that I was able to hear on the body-worn camera" (tr at 15). The assigned assistant did not state when those searches were conducted. The assigned assistant admitted that she had not "looked at the sergeant's logbook to see who was brought in that day" (tr at 10). The assigned assistant stated, "I can make that request" (id.).
Later on February 7, 2025, the district attorney requested the 90th precinct command logs for the day of defendant's arrest (Contratto reply aff in opp to mot at ¶ 18 [B] [2]). Four days later, on February 11, 2025, the district attorney received the command logs, which contained the names of the other individuals arrested at the same time as defendant (id.).
Later in the day on February 11, 2025, the district attorney "requested documentation" for those individuals (id. at ¶ 18 [B] [3]). Two days later, on February 13, 2025, the district attorney received a copy of the summons issued to each arrestee (id. at ¶ 18 [B] [4]). Later in the same day, the district attorney requested the pedigree card for each arrestee, and a police discovery liaison at the precinct reported that no pedigree cards existed (id.). Two days later, on [*3]February 15, 2025, the district attorney responded to the liaison by stating that the police BWC recordings showed that the pedigree cards existed (id.). Later the same day, the district attorney obtained the pedigree cards from the 90th Precinct (id.).
On February 18, 2025, the district attorney filed a supplemental CoC and statement of readiness for trial (see EDDS Doc ID: YKIJLX). The accompanying inventory of discovery stated that the district attorney had disclosed to defendant, on the same day, the evidence audit trails, the summonses for eyewitnesses, and the pedigree cards for eyewitnesses. The district attorney also prepared an Addendum to the Notice/Disclosure Form for Discovery dated February 18, 2025. The addendum contained the names and contact information for eight civilian witnesses and designated each of them as a potential witness. The addendum was disclosed to defense counsel on the same day by email. The district attorney is directed to file a copy of the addendum on EDDS as a confidential document to make it part of the record of this case.
II. Discussion
The nondisclosure of the names and contact information for the other arrestees makes the original CoC and the first two supplemental CoCs improper. This information was discoverable under Criminal Procedure Law § 245.20 (1) (c), which requires automatic disclosure of "[t]he names and adequate contact information for all persons other than law enforcement personnel whom the prosecutor knows to have evidence or information relevant to any offense charged or to any potential defense thereto." The statute also requires that the district attorney designate which of those individuals may be called as a witness (id.). The district attorney needed to exercise due diligence and make reasonable inquiries to obtain that information before filing a CoC (see id. §§ 245.50 [1]; 245.20 [2]).
The district attorney has not established that diligent and reasonable inquiries were made to locate the names and contact information of the arrestees before the CoC was filed (see People v Bay, 41 NY3d 200, 213 [2023] ["the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure"]). The district attorney does not allege that the paperwork portal searches were conducted before the CoC was filed on October 17, 2024. Moreover, the allegations in the district attorney's January 27, 2025 opposition papers support the conclusion that those searches did not occur until after defendant claimed that the names and adequate contact information for the arrestees were missing from the discovery. In any event, under the circumstances of this case, the inquiries that the district attorney began making on February 7, 2025, needed to occur before any CoC was filed (see id. at 212 ["due diligence must be conducted prior to filing a COC"]). Consequently, the original CoC and supplemental CoCs filed on October 18, 2024, and December 16, 2024, are improper, and that their accompanying statements of trial readiness are illusory (see People v Serrano, — AD3d —, 2025 NY Slip Op 00338, *3 [2d Dept 2025]).
The merits of the other challenges to the original CoC and the first two supplemental CoCs are largely moot. As of February 18, 2025, the district attorney has disclosed to defendant all required outstanding discovery: the names and contact information for the eight arrestees, as well as their pedigree cards and summonses, and a designation of which ones are a potential witness; the Axon Evidence Audit Trails for police BWC recordings, but not the Axon Device or User Audit Trails (see People v Forderingham, 83 Misc 3d 1268[A], *2-*3 [Sup Ct, Kings County 2024]); and the handwritten police ECT report. Defendant claimed in his motion that he [*4]was missing a photograph of the pistol that the arresting officer took while riding in the front seat of a police vehicle, but the assigned assistant adequately explained at the discovery conference that she had inquired of the arresting officer and that no such photograph exists (tr at 19-23). Defendant claimed in his opening papers that the district attorney failed to disclose the "underlying documentation" for certain so-called Giglio material for Police Officer Guerrero, but that claim was withdrawn by defendant in his reply (see reply memo of law for defendant at 11—12). Accordingly, this court finds the supplemental CoC filed on February 18, 2025, to be proper, and the accompanying statement of readiness for trial to be valid.
Upon finding the original CoC and first two supplemental CoCs to be improper and striking their accompanying statements of readiness for trial as illusory, this court must determine whether "the time chargeable to the People exceeds the applicable CPL 30.30 period" (People v Bay, 41 NY3d at 213). In this case, the applicable period, as measured by the number of days in the six calendar months after the felony complaint was filed on March 28, 2024, is 184 days (see People v Cortes, 80 NY2d 201, 207 n 3 [1992]; People v Bernier, 141 AD2d 750, 754 [2d Dept 1988]).
To determine whether the district attorney was ready for trial within the applicable six-month period, this court must compute the number of days that elapsed between the start of the criminal action and the statement of readiness, subtract any statutorily excludable periods of delay, and add "any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (People v Cortes, 80 NY2d at 208). If the district attorney was not ready within the applicable six-month period, the indictment must be dismissed upon motion of the defendant (see CPL 210.20 [1] [g]; 30.30 [1] [d]; People v Price, 14 NY3d 61, 63 [2010]).
When moving to dismiss the indictment based upon a statutory speedy trial violation, a defendant must initially allege that the district attorney was not ready within the applicable period (see People v Goode, 87 NY2d 1045, 1047 [1996]; People v Luperon, 85 NY2d 71, 77-78 [1995]). The burden then shifts to the district attorney to prove "that certain periods within that time should be excluded" (People v Berkowitz, 50 NY2d 333, 349 [1980]; see People v Brown, 28 NY3d 392, 403 [2016]). The defendant must then "identify the specific legal and factual impediments to those exclusions" (People v Beasley, 16 NY3d 289, 292 [2011]). This court may decide the motion summarily if the motion papers do not raise a dispute about a material fact that must be resolved at a hearing (see People v Allard, 28 NY3d 41, 45-46 [2016]; People v Gruden, 42 NY2d 214, 215 [1977]).
The district attorney concedes that the 33 days of delay between March 28, 2024, when the felony complaint was filed and defendant was arraigned in Criminal Court, and April 30, 2024, when defendant was arraigned on the indictment in Supreme Court, are chargeable (see People v Cortes, 80 NY2d at 213 & n 5 [1992]; People v Correa, 77 NY2d 930, 931 [1991]; People v Lisene, 201 AD3d 738, 740 [2d Dept 2022]; People v Owens, 209 AD2d 549, 550 [2d Dept 1994]). (33 days charged.)
At arraignment in Supreme Court in Part GWP1, defendant requested inspection of the grand jury minutes, and the court adjourned to June 7, 2024, in Part 21 before this court, for decision on inspection of the grand jury minutes. Off calendar on May 30, 2024, this court issued a decision on the defense request for inspection of the grand jury minutes. Off calendar on June 6, 2024, the district attorney filed a motion to compel defendant to provide a saliva sample for DNA analysis (see EDDS Doc ID: VKA0JJ).
Contrary to defendant's argument, the off-calendar decision on May 30, 2025, did not [*5]restart the speedy trial clock. After all, no trial could begin until the motion was decided, and the district attorney was entitled to a reasonable period of time to get ready for trial after the motion was decided (see People v Fleming, 13 AD3d 102, 102 [1st Dept 2004]; People v Douglas, 209 AD2d 161, 162 [1st Dept 1994]). For that reason, the balance of the adjournment period is excludable as a reasonable period of delay resulting from defense pretrial motion practice (see CPL 30.30 [4] [a]; People v Kejariwal, 75 Misc 3d 128[A], *1 [App Term, 2d Dept, 9th and 10th Jud Dists] [excluding full adjournment period when court issued off-calendar decision on defense omnibus motion], lv denied 38 NY3d 1188 [2022]; People v Gourdine, 83 Misc 3d 1264[A], *12 [Sup Ct, Kings County 2024] [ruling entire adjournment period excludable as motion practice delay when court issues off-calendar decision on inspection of grand jury minutes]). In addition, the speedy trial clock was stopped on June 6, 2024, for the separate reason that the district attorney had filed the motion to compel (see CPL 30.30 [4] [a]). (0 days charged. 33 total days charged.)
On June 7, 2024, this court set a date for the defense to respond to the motion to compel, and adjourned to June 26, 2024, for decision on that motion. Off-calendar on June 24, 2024, this court issued a decision granting the motion to compel. The full adjournment period is excludable as motion practice delay (see CPL 30.30 [4] [a]; People v Solano, 206 AD3d 432, 433 [1st Dept 2022], lv denied 39 NY3d 1076 [2023]). (0 days charged. 33 total days charged.)
On June 26, 2024, this court adjourned to July 31, 2024, for the district attorney to file a CoC. This adjournment of 35 days is charged to the district attorney. (35 days charged. 68 total days charged.)
On July 31, 2024, this court adjourned to September 11, 2024, for the district attorney to file a CoC. This adjournment of 42 days is charged to the district attorney. (42 days charged. 110 total days charged.)
On September 11, 2024, this court adjourned to October 30, 2024, for the district attorney to file a CoC. The statements of readiness for trial filed off-calendar on October 17 and 18, 2024, were illusory because they were not preceded by a proper CoC. Accordingly, the district attorney is charged with this entire period of delay. (49 days charged. 159 total days charged).
On October 30, 2024, this court adjourned to December 11, 2024, for defendant to review discovery and file any appropriate motion to challenge the CoC. Contrary to defendant's claim, the time granted to him for that purpose is excludable (CPL 30.30 [4] [a], [b]; see People v Brown, 99 NY2d 488, 492 [2003] [excluding 47-day adjournment granted for defendant to file motion even though "defendant never actually filed the contemplated motion for which the . . . adjournment was granted"]; People v Sai, 223 AD2d 439, 440 [1st Dept 1996] ["time requested by the defense to submit motions is excludable, even if no motion is ultimately submitted"]). (0 days charged. 159 total days charged.)
On December 5, 2024, defense counsel emailed this court to request more time to confer with the district attorney about discovery. This court granted that request and administratively adjourned the case to January 8, 2025. This period is excludable as delay requested by defendant and for defense motion practice (CPL 30.30 [4] [a], [b]). (0 days charged. 159 total days charged.)
On January 8, 2025, defendant filed the instant motion to challenge the CoC and dismiss the indictment. At calendar call on that date, this court set a date for the district attorney to respond and adjourned for decision to February 5, 2025. The district attorney requested and was granted more time to respond to the motion. The district attorney filed a response on January 27, [*6]2025. Thereafter, defendant requested and was granted time to file a reply, and defendant filed a reply on February 4, 2025.
On February 5, 2025, this court adjourned to February 19, 2025, for decision on the motion. At the discovery conference conducted on February 7, 2025, this court directed the district attorney to conduct an additional inquiry to find the names and contact information for the other individuals arrested at the same time as defendant, "and to supplement their answer before the next court date" (tr at 25). On February 18, 2025, the district attorney filed a reply to the defense motions.
On February 19, 2025, this court adjourned to March 5, 2025, for decision on the defense motions. The delay from January 8, 2025, to March 5, 2025, is excludable as delay for defense motion practice under Criminal Procedure Law § 30.30 (4) (a). (0 days charged. 159 total days charged.)
III. Conclusion
For the foregoing reasons, the motion to challenge the original CoC and supplemental CoCs dated October 18, 2024, and December 16, 2024, is granted. Those CoCs are found to be improper, and their accompanying statements of trial readiness are stricken as illusory. However, this court finds 159 days of includable speedy trial time, which is fewer than the number within the applicable six-month period for trial readiness in this case. Therefore, the motion to dismiss the indictment is denied.
So ordered.
Dated: February 28, 2025
Brooklyn, NY
HEIDI C. CESARE, A.J.S.C.

Footnotes

Footnote 1: (see e.g. BWCfootage-461632_KUMAR, ANUJ_968549_Axon_Body_3_Video _2024-03-27_1547.mp4 at 17:25/31:12).

Footnote 2: (see e.g. BWCfootage-461641_HEAPHY, ADAM_960650_Axon_Body_3_ Video 2024-03-27_1547 at 11:35-12:35, & 15:30/26:51; BWCfootage-461629 _UDDIN, MARUF_958134_Axon_Body_3_Video_2024-03-27_1547 at 12:21/26:57; BWCfootage-461640_RIVERA, MARCO_966810_Axon_Body_3_ Video_2024-03-27_1546 at 0:22/8:27; BWCfootage-461638_SCALICI, LUIGI_970844_ Axon_Body_3_Video_2024-03-27_1547 at 8:40-9:50/12:45)