People v Hespinobarros (2026 NY Slip Op 00260)

People v Hespinobarros

2026 NY Slip Op 00260

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
DEBORAH A. DOWLING
PHILLIP HOM
SUSAN QUIRK, JJ.

2023-02917
 (Ind. No. 72035/22)

[*1]The People of the State of New York, respondent,
vSamuel Hespinobarros, appellant.

Patricia Pazner, New York, NY (Russ Altman-Merino of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and MyeongHwan Cha of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Toni M. Cimino, J.), rendered February 28, 2023, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On January 16, 2022, the defendant was arraigned on a felony complaint. The defendant was subsequently charged in an indictment with attempted assault in the first degree (Penal Law §§ 110.00, 120.10[2]), assault in the second degree (id. § 120.05[2]), criminal possession of a weapon in the third degree (id. § 265.02[1]), and criminal possession of a weapon in the fourth degree (id. § 265.01[2]). The People filed a certificate of compliance (hereinafter the COC) and a statement of readiness (hereinafter the SOR) on July 15, 2022. At that time, the People had disclosed approximately 70 files of discovery to defense counsel, including, among other things, a surveillance video, photos, medical records, and a 911-call sprint report. On July 20, 2022, defense counsel emailed the People alleging that approximately 15 items of discovery were missing or deficient, including the grand jury minutes. On July 26, 2022, the People provided defense counsel with the grand jury minutes, which was the same day they were created. Three days later, the People responded to defense counsel's email and addressed the discovery items in dispute.
In September 2022, the defendant moved, inter alia, pursuant to CPL 30.30(1)(a) to dismiss the indictment on the basis that the COC was invalid and the SOR was illusory due to various discovery issues. The People opposed the motion. In an order dated November 9, 2022 (hereinafter the November 2022 order), the Supreme Court, among other things, denied that branch of the defendant's motion, determining that the People had exercised due diligence and complied with their discovery obligations in good faith when they filed the COC and the SOR. Thereafter, the defendant moved for leave to reargue that branch of his prior motion which was pursuant to CPL 30.30(1)(a) to dismiss the indictment. The People opposed the motion for leave to reargue. In an order dated January 10, 2023, the court granted leave to reargue but, upon reargument, adhered to the determination in the November 2022 order denying that branch of the defendant's prior motion which was pursuant to CPL 30.30(1)(a) to dismiss the indictment.
Thereafter, the defendant pleaded guilty to attempted assault in the second degree, and the Supreme Court imposed sentence. The defendant appeals.
Considering the totality of the circumstances, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Vilmont, 216 AD3d 1113, 1114). The Supreme Court's oral colloquy mischaracterized the appellate rights waived as encompassing the loss of attendant rights to the assignment of counsel and the waiver of costs, fees, and expenses and, thus, did not adequately advise the defendant of the nature of the right to appeal and the consequences of waiving that right (see People v Burris, 231 AD3d 1063, 1063-1064; People v Lawrence, 227 AD3d 829, 829). Moreover, the court did not discuss the appeal waiver with the defendant until after he had already admitted his guilt as part of the plea agreement (see People v Burris, 231 AD3d at 1064; People v Lawrence, 227 AD3d at 829). Further, the defendant's execution of a written appeal waiver did not cure the deficient oral colloquy (see id.), as nothing in the record demonstrates that the written appeal waiver was translated for the defendant before it was presented to him for signature (see People v Pelige, 172 AD3d 1407, 1408; People v Hong Mo Lin, 163 AD3d 849, 849).
"Pursuant to CPL 30.30(1)(a), the People must be ready for trial within six months of the commencement of a criminal action accusing a defendant of a felony offense" (People v Moore, 233 AD3d 802, 802-803 [internal quotation marks omitted]; see People v Cooper, 98 NY2d 541, 543). "[T]he People must declare ready—and actually be ready—for trial in order to stop the speedy trial clock" (People v King, 42 NY3d 424, 427). "A statement of readiness at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock" (People v Lisene, 201 AD3d 738, 739 [internal quotation marks omitted]). However, "[t]he People's statement of readiness is presumed to be correct, in the absence of proof that the readiness statement did not accurately reflect the People's position" (id. [alteration and internal quotation marks omitted]). "[A] valid certificate of compliance and readiness declaration will not be rendered illusory by subsequent diligent disclosures made in good faith" (People v Macaluso, 230 AD3d 1158, 1159 [internal quotation marks omitted]).
When a defendant moves pursuant to CPL 30.30 to dismiss an indictment "on the ground that the People failed to exercise due diligence and therefore improperly filed a COC, the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquires prior to filing the initial COC despite a belated or missing disclosure" (People v Bay, 41 NY3d 200, 213). "Due diligence 'is a familiar and flexible standard that requires the People to make reasonable efforts to comply with statutory directives'" (People v McMahon, 237 AD3d 746, 750 [internal quotation marks omitted], quoting People v Bay, 41 NY3d at 211). "'Although the relevant factors for assessing due diligence may vary from case to case, courts should generally consider, among other things, [1] the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, [2] the volume of discovery provided and outstanding, [3] the complexity of the case, [4] how obvious any missing material would likely have been to a prosecutor exercising due diligence, [5] the explanation for any discovery lapse, and [6] the People's response when apprised of any missing discovery'" (id., quoting People v Bay, 41 NY3d at 212).
CPL 245.20(1) requires the prosecutor to automatically disclose to the defendant "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" (People v Bay, 41 NY3d at 208 [internal quotation marks omitted]; see People v Henderson, 237 AD3d 853, 854). "The prosecutor shall make a diligent, good faith effort to ascertain the existence of material or information discoverable . . . and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control," provided that the prosecutor shall not be required to obtain by subpoena duces tecum material or information which the defendant may thereby obtain (CPL 245.20[2]).
CPL 245.20(1)(b) requires the prosecutor to automatically disclose "[a]ll transcripts of the testimony of a person who has testified before a grand jury that relate to the subject matter of [*2]the charges against the defendant in the instant case, including but not limited to the defendant or a co-defendant" (see People v Drayton, 231 AD3d 1057, 1059). However, "[i]f in the exercise of reasonable diligence, and due to the limited availability of transcription resources, a transcript is unavailable for disclosure within the time period specified in [CPL 245.10(1)], such time period may be stayed by up to an additional thirty calendar days without need for a motion pursuant to [CPL 245.70(2)]; except that such disclosure shall be made as soon as practicable and not later than thirty calendar days before the first scheduled trial date, unless an order is obtained pursuant to [CPL 245.70]" (CPL 245.20[1][b]; see People ex rel. Barta v Maginley-Liddie, 227 AD3d 754).
Here, the People provided the grand jury minutes to the defendant on the same day they became available (see People v Drayton, 231 AD3d at 1060), because, at the time the COC was filed, a transcript was not yet completed. Under the circumstances, the COC was valid and the SOR was not illusory based upon the belated disclosure of the grand jury minutes (see id.).
CPL 245.20(1)(k)(iv) also requires the prosecutor to automatically disclose "[a]ll evidence and information that relate to the subject matter of the case, including that which is known to police or other law enforcement agencies acting on the government's behalf in the case, that tends to . . . impeach the credibility of a testifying prosecution witness."
Here, the People provided the defense with "Law Enforcement Officer as Witness" reports for six police officers they intended to call at trial, which summarized their disciplinary history, information on civil lawsuits, information on completed and/or pending investigations by the New York City Civilian Complaint Review Board, and certain documents relating to internal police investigations regarding one of the officers. Although the People did not provide the defendant with certain underlying disciplinary records, under the circumstances of this case, where the officers' disciplinary infractions did not have any bearing on the subject matter of the case at hand, and there was no indication that any prior testimony of the officers had ever been determined incredible, the Supreme Court correctly determined that the People exercised due diligence and made reasonable efforts to satisfy their obligations under CPL article 245 at the time they filed the COC (see People v Henderson, 237 AD3d at 854; People v Macaluso, 230 AD3d at 1160; cf. People v Coley, 240 AD3d 122, 131-138). Since the COC was valid and the SOR was not illusory, at most, 180 days of chargeable time accrued between the commencement of this action and the filing of the COC, bringing the People within the six-month speedy trial window applicable in this case.
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPL 30.30(1)(a) to dismiss the indictment.
DUFFY, J.P., DOWLING, HOM and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court