People v Vasquez (2018 NY Slip Op 02567)





People v Vasquez


2018 NY Slip Op 02567


Decided on April 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2018

Sweeny, J.P., Renwick, Mazzarelli, Kahn, Gesmer, JJ.


6277 4323/10

[*1]The People of the State of New York, Respondent,
v
Jose Vasquez, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Katherine M.A. Pecore of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Dana Poole of counsel), for respondent.



Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered September 12, 2013, convicting defendant, after a jury trial, of two counts of criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 16 years to life, unanimously affirmed.
Because defendant made a generalized CPL 30.30 motion and did not, by way of a reply or otherwise, challenge the People's claimed exclusions, defendant did not preserve any of his speedy trial claims (see People v Allard, 28 NY3d 41, 46-47 [2016]; People v Beasley 16 NY3d 289, 292 [2011]), and we decline to review them in the interest of justice. As an alternative holding, we find that the time chargeable to the People fell far short of the amount required for dismissal. On the limited record before us, which includes the prosecutor's unrefuted affirmation in opposition to defendant's motion, we conclude that all of the periods of delay at issue were excludable as resulting from the substitution or unavailability of defense counsel (see CPL 30.30[4][f]).
The People concede that they were not entitled to question a defense witness about her prior arrests. However, we find that the error was harmless in light of the overwhelming evidence that defendant possessed a firearm (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant did not preserve any of his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). The remarks at issue constituted permissible comment on credibility issues and were responsive to defendant's summation arguments.
We have considered and rejected defendant's ineffective assistance of counsel claims relating to the issues we have found to be unpreserved. To the extent the record permits review, it establishes that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Regardless of whether defense counsel should have made a more appropriate speedy [*2]trial motion, and made particularized objections and requests for relief during the People's summation, defendant has not established that any of these actions would have affected the outcome or fairness of the proceedings.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 17, 2018
CLERK