People v Crosse (2024 NY Slip Op 51361(U))

[*1]

People v Crosse

2024 NY Slip Op 51361(U)

Decided on October 2, 2024

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 2, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Edwardo Crosse, Defendant

Docket No. CR-007340-24KN

Prosecution: Kings County District Attorney's Office by ADA Joseph Papeo
Defendant: The Legal Aid Society by Molly Dower, Esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that omissions in the Prosecution's automatic discovery render their Certificate of Compliance (COC) and Statement of Readiness (SOR) illusory.
The Prosecution opposes.
Defendant also moves for Huntley, Mapp, Dunaway, and Sandoval hearings, none of which the Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion is GRANTED.
BACKGROUND AND PRIOR PROCEEDINGS
This case commenced with the filing of an accusatory instrument on February 20, 2024, charging PL §140.25(2), Burglary in the Second Degree and related charges. Defendant was arraigned the following day, February 21. On February 23, the parties appeared in Part AP1F; the felony counts were dismissed, the Prosecution served and filed a superseding information (SSI) in which the top count was a misdemeanor, and Defendant was re-arraigned. On May 18, the Prosecution served and filed a COC, SOR, and Notice and Disclosure Form (NDF). On June 21, Defendant, through counsel, sent a discovery conferral email to the Prosecution, to which they responded on June 26. On July 1, Defendant, through counsel, sent another discovery conferral email to the Prosecution; the same day, the Prosecution sent back discoverable materials and filed two Supplemental Certificates of Compliance (SCOC). On July 22, 2024, Defendant filed the instant motion to dismiss. The Prosecution filed their opposition to the [*2]motion, as well as another NDF on August 16, 2024. Defendant filed a reply on September 10, 2024.
Defendant argues that the Prosecution's failure to disclose the following items of discovery prior to filing their COC render it invalid: body-worn camera (BWC) metadata for two officers; DD5s, activity logs, BWC, and BWC metadata generated from a successful home visit to conducted on February 22, 2024; activity logs for two different officers; the names and work affiliations of all law enforcement personnel whom the Prosecution knows to have information relevant to the charged offenses, as well as a designations as to whether the officers would be called as witnesses; underlying Internal Affairs Bureau (IAB) logs and attachments for testifying officers; a color copy of the Prisoner Movement Slip; the Roll Call Log; the Command Log; and audit trails for all BWC. Defendant also argues that the Prosecution's SCOCs were insufficient to validate the original COC. Regarding the home visit on February 22, Defendant argues its existence should have been obvious to the Prosecution upon review of the DD5s, as it is referenced four times across two documents. 
The Prosecution argues their COC and SOR were filed in good faith and valid under CPL § 245.50. They assert that their failure to turn over the metadata was the result of benign technological error, and that they demonstrated diligence in disclosing the materials promptly upon receiving the discovery conferral email.[FN1]
The Prosecution argues that their failure to notice the home visit on February 22 was benign error caused by an improperly labeled DD5 index sheet; they also argue that they exercised diligence by requesting all materials related to the case including those generated during home visits from the police. They also argue their prompt action to obtain and disclose the materials once they became aware of their existence evinces their diligence. They argue they were unaware of the involvement of one officer, whom they omitted from their NDF because same mislabeled DD5 index sheet. However, the name, work affiliation, and witness designation of the officer were the subject of their second NDF, filed on August 16. The Prosecution argues the Command Log, Roll Call Log, and audit trails are not related to the subject matter of the case and are therefore not subject to automatic discovery. They argue they have met their obligation regarding the Prisoner Movement Slip by providing a black and white copy as well as three color photos of Defendant. They argue they are not obligated to disclose IAB attachments as part of automatic discovery. To outline their diligent efforts, the Prosecution attests to making four separate requests to the police for discoverable materials and several outreach attempts to the complainant, as well as meeting with the complainant to discuss the case twice. They also state that they have disclosed hundreds of pages of discovery.
RELEVANT LAW
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to "all items and information that relate to the subject matter of the case and are in possession, custody or control of the prosecution or persons under the prosecution's direction and control" (CPL §245.20[1]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further provides that "[n]o adverse consequences to the prosecution shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
If the prosecution provides additional discovery after filing their COC but prior to trial, they must file a SCOC, detailing the additional materials (CPL §245.50[1]). In the SCOC, the prosecution must also detail the basis for the delayed disclosure so the court may evaluate whether the late disclosure affects the validity of the original COC (CPL §245.50[1-a]; see also People v Bay, 41 NY3d 200 [2023]). The filing of a SCOC shall not affect the validity of the original COC if the COC was filed in good faith after exercising due diligence (id.).
Pursuant to CPL §30.30(7)(c), where a defendant is charged with a felony complaint that is later reduced to a misdemeanor complaint, the prosecution must declare trial readiness within ninety days from the date the misdemeanor complaint is filed, so long as the aggregate period has not exceeded six months. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 
ANALYSIS
It is undisputed that the materials generated as part of the February 22 successful home visit are subject to automatic discovery (CPL §245.20[1]). The primary question before the Court is whether the Prosecution exercised due diligence when they relied upon the DD5 index sheet rather than the DD5s themselves, resulting in missing discovery. The Court finds that they did not.
The prosecution cannot declare readiness for trial without first complying with their discovery obligations and filing a valid COC (CPL §245.50[1]). The statute does not demand perfection, granting that a COC filed in good faith that is reasonable under the circumstances should be credited (id.). Notions of good faith and reasonableness turn on whether the prosecution "exercised due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery (id.). In People v Bay (41 NY3d 200 [2023]), the Court of Appeals set forth a framework with which to assess what counts as due diligence, [*3]finding it to be a "familiar and flexible standard that requires the People to make reasonable efforts to comply with statutory directives" (internal quotations omitted) (Bay at 211). Ultimately, the inquiry is case-specific and turns on the individual circumstances presented (id. at 212). In its ruling, the Court laid out a non-exhaustive list of factors to consider, such as the efforts made by the prosecution to comply with their discovery obligations, the volume of omitted material, the complexity of the case, how obvious the materials would have been to a reasonably diligent prosecutor, the prosecution's explanation for the omission, and their response when alerted to the issue (id.).
The Court cannot agree that relying upon the DD5 index sheet without reading the DD5s themselves and making blanket requests for materials from the police constitutes a reasonably diligent performance on the part of the Prosecution (see People v Mitchell, 228 AD3d 1250 [2024] [holding that the prosecution's reliance on a prior report to determine whether discoverable materials existed before filing a COC may have been done in good faith, but was nonetheless insufficient to show due diligence]). As Defendant points out, the successful home visit appears four separate times across multiple documents; a review of the documents would have immediately alerted the Prosecution, as it did Defendant (cf. People v Cooperman, 225 AD3d 1216 [2024] [where the materials in question would not have been obvious to the prosecution despite their diligent efforts]). This oversight resulted in substantial, important missing discovery, such as BWC containing statements by the complainant to police; BWC metadata; activity logs; and the name, work affiliation, and witness designation of the officer who conducted the visit. Moreover, the home visit occurred only one day after Defendant arraignment, when the police were presumably still in the initial stages of their investigation, practically at the outset.
On this basis, the Court finds that the COC was invalid (CPL §245.50[1]). Likewise, the SCOC filed on July 1 was insufficient to validate the COC, particularly given that the Prosecution did not supply the officer's name, work affiliation, and witness designation until August 16 (CPL §245.50[1-a]; see also People v Bay, 41 NY3d 200 [2023]).
Defendant's remaining contentions are rendered moot.
CONCLUSION
This case commenced with the filing of a felony complaint on February 20, 2024. However, the speedy trial clock reset on February 23, 2024, when the Prosecution filed a misdemeanor SSI. Because the COC was invalid, the SOR was illusory and failed to stop the clock. Speedy trial time continued to accrue until Defendant filed the instant motion on July 22, 2024. The Prosecution is charged one hundred and fifty days. Accordingly, Defendant's motion to dismiss is granted (CPL §30.30[1][b]).
This constitutes the decision and order of the court.
Dated: October 2, 2024
Hon. Joshua Glick, JCC

Footnotes

Footnote 1:The Prosecution attests that they disclosed this material on June 26, but did not file the corresponding SCOC until July 1.