People v Butler (2025 NY Slip Op 50056(U))

[*1]

People v Butler

2025 NY Slip Op 50056(U)

Decided on January 22, 2025

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 22, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Mark Butler, Defendant

Docket No. CR-034117-24KN

Prosecution: Kings County District Attorney's Office by ADA Alexander Speir
Defendant: Brooklyn Defender Services by Owen Senders, Esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that omissions in the Prosecution's automatic discovery render their Certificate of Compliance (COC) and Statement of Readiness (SOR) illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion to dismiss is GRANTED.
BACKGROUND AND PRIOR PROCEEDINGS
Defendant was arraigned on a misdemeanor complaint on August 14, 2024, charging Assault in the Third Degree and related offenses (PL §120.00[1]). On August 27, the Prosecution served and filed a supporting deposition. The Prosecution served additional discovery on the following dates: August 28, August 29, September 11, and October 29. On October 29, the Prosecution also served and filed their COC and SOR. On November 19, the parties appeared in Part DV2, and the case was adjourned to December 18 for challenges to the COC. On December 18, Defendant filed the instant motion to dismiss. On January 9, the Prosecution served and filed a Supplemental Certificate of Compliance (SCOC).
Defendant argues that the Prosecution's failure to disclose the existence of an open criminal case against the complaining witness renders their COC invalid. Defendant points out that the facts that the Prosecution is, itself, the prosecuting agency in the case and the case began in June 2024, before the instant case. Despite this, the Prosecution failed to make any mention of the active case in their October 29 disclosure. Defendant also states that he, through defense [*2]counsel, inquired about the existence of the open criminal case in two emails, dated December 9 and December 11, to which the Prosecution never replied. Defendant cites People v Mitchell, 228 AD3d 1250 (2024) in support of his argument.
The Prosecution argues their COC was filed in good faith after exercising due diligence and is therefore valid under CPL §245.50. The Prosecution asserts that they accessed and reviewed the complaining witnesses RAP sheet, but by purely benign error, they failed to notice the open case. This, they argue, does not undermine their otherwise diligent efforts to meet their obligations. The Prosecution highlights the volume of discovery — over one hundred and fifty files, including twenty-six body-worn camera videos with accompanying metadata and audit trails, over forty pages of police paperwork, twenty-two officer activity logs, and paperwork from detectives involved in the case — and the speed and frequency of disclosures, beginning less than two weeks after the case began. They cite People v Deas, 226 AD3d 823 (2024) in support of their argument.
RELEVANT LAW
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to "all items and information that relate to the subject matter of the case and are in possession, custody or control of the prosecution or persons under the prosecution's direction and control" (CPL §245.20[1]). The prosecution is also obligated to make a diligent, good faith effort to ascertain the existence of and make available materials that would be automatically discoverable but are not in their possession, custody, or control, except those which the defendant may obtain by subpoena duces tecum (CPL §245.20[2]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further provides that "[n]o adverse consequences to the prosecution . . . shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
If the prosecution provides additional discovery after filing their COC but prior to trial, they must file a SCOC, detailing the additional materials (CPL §245.50[1]). In the SCOC, the prosecution must also detail the basis for the delayed disclosure so the court may evaluate whether the late disclosure affects the validity of the original COC (CPL §245.50[1-a]; see also People v Bay, 41 NY3d 200 [2023]). The filing of a SCOC shall not affect the validity of the original COC if the COC was filed in good faith after exercising due diligence (id.).
Pursuant to CPL §30.30(1)(b), the prosecution must declare trial readiness within ninety days from the date of commencement of a misdemeanor criminal action. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial . . . until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of [*3]proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 
ANALYSIS
There is no dispute that disclosure of the complaining witness's open criminal case is mandated by CPL §245.20(1)(q). Similarly, it is undisputed that the Prosecution failed to make such a disclosure prior to filing their COC. The question before the Court is whether the Prosecution nevertheless exercised due diligence sufficient to validate their COC. The Court finds that they did not.
In People v Bay, 41 NY3d 200(2023), the court set forth guidelines with which to ascertain due diligence amid missing discovery. This includes weighing such factors as the prosecutor's efforts to comply with the statutory requirements, the volume of material, the complexity of the case, how obvious the missing material would have been to a reasonably diligent prosecutor, the explanation for the delay, and the prosecution's response when alerted to the omission (Bay at 212).
Although the Court notes that the volume of material disclosed and omitted cuts in favor of diligence, the remaining factors cut against it. The Prosecution's purported effort to comply with the requirement of CPL 245.20(1)(q) was merely retrieving the witness's RAP sheet. Although they assert that they reviewed it, the Court cannot credit this effort, as it failed to turn up a pending prosecution. This case is notably uncomplicated. Perhaps most importantly, the pending prosecution would have been obvious to a reasonably diligent prosecutor: the information was plainly on the witness's RAP sheet, and it is the Prosecution themselves who bring the case at issue. As to the Prosecution's explanation for the oversight, their January 9 SCOC offered the following reason for the delayed disclosure: "due to an inadvertent error, the People did not disclose an open case that the complainant, [KH], has with the Kings County District Attorney's Office. This has been brought to our attention by defense counsel and upon confirmation of the open case, the People are now disclosing it in the addendum." Although perfection is not required, claiming an accidental oversight without more is, in a word, insufficient. Finally, the Prosecution took a month to disclose the material and file the SCOC after first being alerted by defense counsel. This sluggish response, coupled with the other factors evinces a clear lack of due diligence.
The facts here are even more clearcut than those of People v Mitchell, 228 AD3d 1250 (2024), in which the prosecution relied upon an erroneous report that omitted the witness's criminal history from 2015, seven years prior. Here, the case is not only contemporaneous with the instant matter, but also is brought by the Prosecution in the same court. Their failure to realize its existence evinces a lack of due diligence that the SCOC cannot cure (see People v Bay, 41 NY3d 200 [2023]).
CONCLUSION
This case commenced with the filing of an accusatory instrument on August 14, 2024. [*4]The Prosecution's COC and SOR were illusory and did not stop the speedy trial clock, which ran until Defendant filed the instant motion on December 18, 2024. The Prosecution is charged one hundred and twenty-six days. Accordingly, Defendant's motion to dismiss is granted (CPL §30.30[1][b]).
This constitutes the decision and order of the Court.
Dated: January 22, 2025
Hon. Joshua Glick, JCC