People v Galicia (2025 NY Slip Op 50068(U))

[*1]

People v Galicia

2025 NY Slip Op 50068(U)

Decided on January 23, 2025

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 23, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Isidro Galicia, Defendant.

Docket No. CR-024464-24KN

Prosecution: Kings County District Attorney's Office by ADA Antonio Vilsaint
Defendant: Brooklyn Defender Services by Jenna Codignotto, Esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that omissions in the Prosecution's automatic discovery render their Certificate of Compliance (COC) and Statement of Readiness (SOR) illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion to dismiss is GRANTED.
 BACKGROUND AND PRIOR PROCEEDINGS
Defendant was arraigned on a felony complaint charging Assault in the Second Degree and related charges on June 13, 2024 (PL §120.05[2]). On August 16, the case was advanced for reduction. The parties appeared in Part DV2 and the Prosecution served and filed a Superseding Information (SSI) containing only misdemeanor charges. On September 27, the Prosecution served and filed a COC and SOR. On October 21, defense counsel emailed the Prosecution a list of missing discovery. On November 15, the parties appeared in DV2, where the parties were ordered to confer about missing discovery. The Prosecution called defense counsel on the phone to discuss missing materials on December 5. On December 6, the parties again appeared in Part DV2, where the Court set a motion schedule.
Defendant argues that the Prosecution's failure to disclose the following items of discovery prior to filing their COC renders it invalid: body-worn camera footage (BWC) from June 25, BWC from June 19, BWC audit trails for four officers, witness designations for two officers, Administration for Children's Services (ACS) records, activity logs for two officers related to a home visit on June 19, an underlying disclosure document for the arresting officer, contact information for all emergency medical technicians (EMTs), photographs taken by police, and notes taken by police during a home visit on June 13.
The Prosecution argues their COC was filed in good faith after exercising due diligence and is therefore valid under CPL §245.50. The Prosecution acknowledges that the BWC from [*2]June 25 is subject to automatic discovery but asserts that they requested the material from the police before filing their COC and mistakenly believed they had received and shared it with defense. It was not until Defendant's discovery conferral that they realized they had never received the files from the police. They argue this technological failure does not undermine their diligence. On the other hand, the Prosecution argues they need not turn over the BWC from June 19 because the home visit was unsuccessful, so the videos do not contain any discoverable information. For the same reason, they argue they need not disclose the activity logs. They argue they have turned over all discoverable material contained in the audit trails and the remaining material does not relate to the subject matter of the case. The Prosecution argues that they are not required to provide witness designations for the two officers to whom Defendant refers because neither will be a testifying witness. Moreover, the Prosecution argues Defendant is already aware of the officers' names and work affiliations, evinced by their inclusion in Defendant's motion. The Prosecution argues they are not required to turn over ACS records or the names and contact information for the EMTs who participated in the case in initial discovery, as such information is not in their custody and control. They argue they met their burden by issuing subpoenas for both before filing their COC. Citing People v Macaluso, 230 AD3d 1158 (2024), the Prosecution argues they are not required to turn over underlying impeachment materials. The Prosecution asserts that neither the photographs nor the officer notes Defendant demands exist. Finally, the Prosecution argues Defendant's motion, which was filed eighty-four days after their COC, is untimely.

RELEVANT LAW
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to "all items and information that relate to the subject matter of the case and are in possession, custody or control of the prosecution or persons under the prosecution's direction and control" (CPL §245.20[1]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further provides that "[n]o adverse consequences to the prosecution . . . shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
Pursuant to CPL §30.30(7)(c), where a defendant is charged with a felony complaint that is later reduced to a misdemeanor complaint, the prosecution must declare trial readiness within ninety days from the date the misdemeanor complaint is filed, so long as the aggregate period has not exceeded six months. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial . . . until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 [*3]NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz).

ANALYSIS
Although Defendant challenges the Prosecution's COC on several fronts, the Court need only consider those which are dispositive, namely the BWC from June 25. The Court agrees with the parties that the BWC is subject to automatic discovery under CPL §245.20(1)(g). It is undisputed that it was not disclosed prior to the COC. The question is whether the COC is nonetheless valid. The Court finds that it is not.
Discovery compliance does not demand perfection; rather, it requires due diligence and good faith dealing (CPL §245.50[1]; People v Bay, 41 NY3d 200 [2023]). Determining whether a prosecutor has exercised due diligence is a case-by-case analysis, "a familiar and flexible standard that requires the People to make reasonable efforts to comply with statutory directives" (internal quotations omitted) (Bay at 211). In answering this question, courts should consider such factors as the prosecution's efforts to comply with statutory directives, the volume of material, the complexity of the case, how obvious the material would have been to a reasonably diligent prosecutor, the explanation for the lapse, and the prosecution's response upon learning of the oversight (id. at 212).
Considering these factors and the unique circumstances presented in this case, the Court cannot find that the Prosecution has exhibited due diligence. The Court does not credit the Prosecution's claim that they mistakenly believed they had shared the files. This is not a situation where files failed to properly upload; the Prosecution never obtained the files in the first place. The only logical inference is that they failed to adequately review the materials between receiving them from the police and forwarding them to Defendant. The Court notes that the Prosecution attests to first requesting the BWC from police on September 24, merely three days before filing their COC. BWC is especially common in criminal cases such as this and would have been obvious to a reasonably diligent prosecutor. Indeed, the Prosecution was aware that it existed and that it was automatically discoverable. Considering also the relatively simple nature of this case, the fact that the discovery turned over was not particularly voluminous, and the fact that this material remains outstanding months later, the Court cannot find that the Prosecution exercised due diligence (cf. People v Lawrence, 219 N.Y.S.3d 511 [2024] [holding that the prosecution's failure to turn over BWC prior to filing their COC was not fatal because the discovery turned over was notably voluminous and the prosecutor turned the BWC over and filed a supplemental COC the same day the defense notified her]).
The Court need not delve into the remaining contested discovery, but it will address the Prosecution's argument that Defendant's motion was untimely. This is wholly without merit. CPL §245.50(4)(c) requires that motions to challenge the prosecution's COCs must be made "as soon as practicable." Here, the Prosecution filed their COC on September 27. Defendant first alerted the Prosecution to the missing material on October 21, but the Prosecution failed to respond. The Court notes that this first alert occurred when there were only sixty-six chargeable days of speedy trial time. At the November 15 court appearance, Defendant raised the issue of missing discovery again; the Court ordered the parties to confer and indicated it would set a [*4]motion schedule at the next appearance if necessary. When the parties again appeared on December 6, the Court did just that, requiring Defendant's motion by December 20. Defendant abided by the schedule, filing the instant motion on December 20. Not only did Defendant meet the deadline set by the Court, but had the Prosecution acted expeditiously when Defendant notified them of the missing materials, they may have been able to turn them over within the speedy trial window. 

CONCLUSION
Because the Prosecution failed to exercise due diligence, their COC was illusory and did not stop the speedy trial clock. The Prosecution is charged one hundred and twelve days, from the date the case was reduced to a misdemeanor, August 16, 2024, until the date the Court set a motion schedule, December 6, 2024. Accordingly, Defendant's motion to dismiss is granted (CPL §30.30[1][b]).
This constitutes the decision and order of the Court.
Dated: January 23, 2025
Hon. Joshua Glick, JCC