People v Mendoza (2025 NY Slip Op 50807(U))

[*1]

People v Mendoza

2025 NY Slip Op 50807(U)

Decided on May 22, 2025

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 22, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Jean Mendoza, Defendant

Docket No. CR-048706-24KN

Prosecution: Kings County District Attorney's Office by ADA Olivia Pascal
Defendant: Brooklyn Defender Services by Isabel Zeitz-Moskin, Esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that the complaint was never properly converted to an information and omissions in the Prosecution's automatic discovery render their Certificate of Compliance (COC) and Statement of Readiness (SOR) illusory. In the alternative, Defendant moves for a hearing to determine the competency of the complainant, a Huntley/Dunaway hearing, a Sandoval hearing, and a Harris hearing.
The Prosecution opposes dismissal and Sandoval and Harris hearings. They consent to a Huntley/Dunaway hearing.
For the reasons explained more fully herein, Defendant's motion to dismiss is GRANTED. Defendant's remaining contentions are rendered moot.
BACKGROUND AND PRIOR PROCEEDINGS
Defendant was arraigned on a misdemeanor complaint charging Assault in the Third Degree and related offenses on November 16, 2024 (PL §120.00[1]). On November 21, the parties appeared in Part SV for a Crawford hearing. The Prosecution indicated that the Administration for Children's Services (ACS) was evaluating whether to begin Family Court proceedings; the Court maintained the full temporary order of protection (TOP) pending an update from ACS. On December 10, the parties again appeared in Part SV, where the Prosecution stated that ACS would not file in Family Court; the Court modified the TOP from full to limited. On December 20, the Prosecution served and filed a Superseding Information (SSI) and a supporting deposition signed by the complainant, B.S. On February 4, the parties appeared in Part SV and Defendant was re-arraigned on the SSI. On February 11, the Prosecution served and filed their COC and SOR and two motions for protective orders to redact information from certain discoverable materials. On February 18, the parties appeared in Part SV, where the case was adjourned for COC challenges. On February 24, the Court issued a written decision granting the Prosecution's motions. On March 12, Defendant, through counsel, [*2]emailed the Prosecution a list of missing discovery. On March 13, the parties appeared in Part SV, where the Court set a motion schedule: Defendant's COC challenge was due by March 27 and the Prosecution's response was due by April 18. On March 21, the Prosecution responded to the discovery conferral email. The same day, the Prosecution served and filed a Supplemental Certificate of Compliance (SCOC) with additional discovery.[FN1]
Defendant filed the instant motion to dismiss on April 4. On April 16, the Prosecution requested an extension for their response, which the Court postponed to April 25. On April 25, the Prosecution served and filed their response and another SCOC with additional discovery.[FN2]
On May 9, 2025, Defendant filed a sur-reply.
Defendant argues that the SSI is facially insufficient as to one charge, Endangering the Welfare of a Child because the Prosecution never converted the portion of the accusatory instrument alleging the complainant's age (PL §260.10[1]). Defendant also argues that the complainant, B.S., who is eleven years old, is not competent to verify the factual allegations because he suffers from significant learning and developmental disabilities such that he cannot understand the nature of an oath. She also argues the Prosecution's failure to disclose the following items of discovery prior to filing their COC render it illusory: Giglio materials for testifying officers, body-worn camera footage (BWC), any school reports related to the allegations, and two Domain Awareness System (DAS) reports for which the Court granted protective orders permitting some redactions.
The Prosecution concedes that the charge of Endangering the Welfare of a Child is facially insufficient (PL §260.10[1]). Nevertheless, they argue they made their CPL §30.30(5-a) certification in good faith, so the facially insufficient charge should not impact their SOR. They assert that the complainant is presumptively competent, and that Defendant has not met her burden of demonstrating anything to the contrary. The Prosecution also argues they filed their COC in good faith after exercising due diligence, as required by CPL §245.50(1). They state that the Giglio materials were not in their possession when they filed their COC, but that they requested them from the police on January 30, put Defendant on notice that they were outstanding when they filed their COC, and promptly disclosed them approximately one week after receipt. They assert that they are unaware of any school records related to this case, and that even if there were, they would be neither in the Prosecution's actual nor statutory control. Similarly, the Prosecution asserts that no such BWC exists for this case. As for the redacted DAS reports, the Prosecution concedes that they forgot to provide them but argue that Defendant failed to raise the issue in the discovery conferral email, instead waiting until filing the instant motion to alert them. The Prosecution states that they promptly disclosed the DAS reports with a SCOC on April 25. Finally, the Prosecution asks the Court to disregard Defendant's motion as untimely. The Prosecution argues Defendant's requests for Harris and Sandoval hearings are premature.
RELEVANT LAW
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to "all items and information that relate to the subject matter of the case and are in possession, custody or control of the prosecution or persons under the prosecution's direction and control" (CPL §245.20[1]). The prosecution must perform its initial discovery obligations as soon as practicable, but not later than thirty-five calendar days after arraignment where the defendant is at liberty (CPL §245.10[1][a][ii]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further provides that "[n]o adverse consequences to the prosecution shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
If the prosecution provides additional discovery after filing their COC but prior to trial, they must file a SCOC, detailing the additional materials (CPL §245.50[1]). In the SCOC, the prosecution must also detail the basis for the delayed disclosure so the court may evaluate whether the late disclosure affects the validity of the original COC (CPL §245.50[1-a]; see also People v Bay, 41 NY3d 200 [2023]). The filing of a SCOC shall not affect the validity of the original COC if the COC was filed in good faith after exercising due diligence (id.).
Pursuant to CPL §30.30(1)(b), the prosecution must declare trial readiness within ninety days from the date of commencement of a misdemeanor criminal action. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 
ANALYSIS
It is undisputed that the charge of Endangering the Welfare of a Child is facially insufficient (PL §260.10[1]). The Prosecution correctly argues that, because they made their CPL §30.30(5-a) certification in good faith, the single insufficient charge does not render their SOR invalid as to the other charges (People v Williams, 83 Misc 3d 21 [2024]).
Turning to the discovery challenges, the Court credits the Prosecution's statement that neither school reports nor BWC exist for this case. As for the remaining contested discovery, the parties agree that the Prosecution did not turn over the Giglio materials and redacted DAS reports until after filing their COC. The dispute centers on what, if any, effect the belated disclosures have on the COC's validity. A COC need not be perfect to be valid; rather, it must be the product of due diligence and good faith (CPL §245.50[1]; People v Bay, 41 NY3d 200). Whether the prosecution has exercised due diligence is a case-specific inquiry measured by a variety of factors, such as the efforts made by the prosecution to comply with their discovery obligations, the volume of material omitted, the complexity of the case, how obvious the missing materials would have been to a reasonably prudent prosecutor, the prosecution's explanation for the omission, and their response when alerted to the issue (Bay at 212).
Applying the Bay factors, the Court finds that the Prosecution failed to exercise due diligence, so their COC was illusory. This is a relatively simple case and the materials at issue should have been particularly obvious, given that impeachment materials are germane to criminal cases and the DAS reports were the subject of a previous motion. The Prosecution's argument that they were permitted to provide Giglio materials after filing their COC because they told Defendant they had a pending request with the police indicates a misapprehension of their obligation. CPL §245.20(1)(k)(iv) requires the Prosecution to turn over all impeachment materials for testifying police witnesses before they may validly state ready for trial. When the Prosecution needs additional time to provide discovery, the appropriate course of action is a motion to the Court, pursuant to CPL §245.70(2).[FN3]
The Prosecution made no such motion and thus is cannot be entitled to any extension of time. Moreover, in cases such as this where the defendant is at liberty following arraignment, CPL §245.10(1)(a)(ii) mandates that the prosecution serves initial discovery on the defendant within thirty-five days. CPL §245.20(1) clarifies that "initial discovery" contemplates all items of automatic discovery within the Prosecution's custody or control that do not require some special measure prior to disclosure, such as a protective order. Here, the Prosecution did not even request the materials from police until seventy-five days after Defendant's arraignment, more than double the allotted time for initial discovery. This is to say, even if the Prosecution had moved for additional time pursuant to CPL §245.70(2), the Court would have denied their request, as they did not make any attempt to obtain the materials within the statutory time limit. In short, the Prosecution's efforts to comply with their discovery obligations prior to filing their COC do not evince diligence. This is underscored by the fact that the Prosecution listed only a single testifying law enforcement witness; in other words, this is not a situation when they overlooked materials for one witness among many, but rather where they failed to timely gather impeachment materials at all.
Similarly, the Prosecution offers no compelling reason why they failed to provide the redacted DAS reports. The Court granted the Prosecution's motion for protective orders on February 24, permitting them to redact certain portions of the documents. They did not disclose the DAS reports until April 25. In their SCOC, filed April 25, they state the reason for their [*3]failure to turn them over for two months as "inadvertent error" and explain that they "inadvertently forgot to turn them over." While the Court does not expect the Prosecution to be perfect, it does need more than that to excuse a two-month delay in turning over documents already in their actual possession which were the subject of prior motion practice.
The Prosecution is correct in stating that Defendant was late filing her COC challenge: the Court ordered Defendant to file her motion by March 27, but she did not file until April 4. However, given that the challenge is meritorious, the Court declines to disregard the motion based on an eight-day delay. The Court notes that the period from March 13 is excludable time anyway, as Defendant requested a motion schedule. In calculating the includable time, the Court finds that the Prosecution is charged eighty-seven days from November 16, 2024, when the case commenced, until February 11, when the Prosecution filed two motions for protective orders.[FN4]
The Prosecution is also charged seventeen days from February 24, when the Court issued its decision on the motions, until March 13, when the Court set a motion schedule to challenge the COC. In total, the Prosecution is charged one hundred and four days.
CONCLUSION
Because the Prosecution has exceeded their ninety-day speedy trial limit, Defendant's motion to dismiss is granted (CPL §30.30[1][b]). Defendant's remaining contentions are rendered moot.
This constitutes the decision and order of the Court.
Dated: May 22, 2025
Hon. Joshua Glick, JCC

Footnotes

Footnote 1:The subject of the SCOC was Giglio materials for the sole law enforcement official designated by the Prosecution as a testifying witness.

Footnote 2:The subject of the second SCOC was the redacted documents for which the Court granted protective orders.

Footnote 3:When the materials at issue, such as BWC, surveillance video, and dashboard camera footage, are exceptionally voluminous and despite diligent efforts, the Prosecution does not have actual possession of them, they are entitled to an additional thirty days without need for a motion (CPL §245.20(1)(a). Nevertheless, this carveout is inapplicable.

Footnote 4:Pursuant to CPL §245.70(7), motions for protective orders filed in good faith are deemed pre-trial motions for purposes of CPL §30.30(4)(a).