People v Young (2025 NY Slip Op 50806(U))

[*1]

People v Young

2025 NY Slip Op 50806(U)

Decided on May 23, 2025

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 23, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Marc Young, Defendant

Docket No. CR-046448-24KN

Prosecution: Kings County District Attorney's Office by ADA William Adkins
Defendant: The Legal Aid Society by Bianca Li, Esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that omissions in the Prosecution's automatic discovery render their Certificate of Compliance (COC) and Statement of Readiness (SOR) illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion to dismiss is DENIED.
 BACKGROUND AND PRIOR PROCEEDINGS
Defendant was arraigned on a misdemeanor complaint charging Aggravated Harassment in the Second Degree and related offenses on November 1, 2024 (PL §240.30[1][a]). On December 18, the parties appeared in Part DV1, where the Prosecution announced they were not yet ready for trial and the case was adjourned. On January 21, the Prosecution served and filed a Superseding Information (SSI) and supporting deposition. On January 27, the Prosecution served and filed their COC and SOR. On February 5, the case was called in Part DV1; Defendant did not appear, and the Court stayed a bench warrant. On February 7, the Prosecution served and filed a Supplemental Certificate of Compliance (SCOC) with additional discovery.[FN1]
On February 11, the parties appeared in Part DV1, and the case was adjourned for challenges to the COC. On February 20, the parties conferred about missing discovery via email; the following day, they conferred via telephone call. On March 19, 2025, Defendant filed the instant motion to dismiss.
Defendant argues that the Prosecution's failure to turn over the following items of discovery before filing their COC render it invalid: Pre-Arraignment Notification Report, Prisoner Arraignment Database, and Arraignment Card.
The Prosecutions argues that they exercised due diligence and filed their COC in good faith, as required by CPL §245.50(1). As to the Pre-Arraignment Notification Report, the [*2]Prosecution argues that Defendant failed to make meaningful efforts to confer about its discoverability; nevertheless, the Prosecution argues it is not related to the subject matter of the case. Even so, the Prosecution further argues that the information contained therein is duplicative of other discovery already shared. As to the remaining two items, they argue neither is related to the subject matter of the case. Furthermore, the Arraignment Card is maintained by the Court and not in the Prosecution's possession or control.

RELEVANT LAW
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to "all items and information that relate to the subject matter of the case and are in possession, custody or control of the prosecution or persons under the prosecution's direction and control" (CPL §245.20[1]). The prosecution must perform its initial discovery obligations as soon as practicable, but not later than thirty-five calendar days after arraignment where the defendant is at liberty (CPL §245.10[1][a][ii]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further provides that "[n]o adverse consequences to the prosecution . . . shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
If the prosecution provides additional discovery after filing their COC but prior to trial, they must file a SCOC, detailing the additional materials (CPL §245.50[1]). In the SCOC, the prosecution must also detail the basis for the delayed disclosure so the court may evaluate whether the late disclosure affects the validity of the original COC (CPL §245.50[1-a]; see also People v Bay, 41 NY3d 200 [2023]). The filing of a SCOC shall not affect the validity of the original COC if the COC was filed in good faith after exercising due diligence (id.).
Pursuant to CPL §30.30(1)(b), the prosecution must declare trial readiness within ninety days from the date of commencement of a misdemeanor criminal action. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial . . . until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 

ANALYSIS
As a preliminary matter, the Court finds that neither the Arraignment Card nor the Prisoner Arraignment Database are subject to automatic discovery. The Arraignment Card is a Court document and not in the Prosecution's possession or control. The Prisoner Arraignment Database is an administrative record and does not contain information related to the subject matter of the case.
The Court finds the Prosecution's argument as to the Pre-Arraignment Notification Report somewhat perplexing. On one hand, they suggest that they do not know what it is and lay the responsibility of explaining it at Defendant's feet. Based on the information Defendant provides in his motion, they argue the information is duplicative of other discovery. On the other, they assert that it is not related to the subject matter of the case, and they made a good faith legal assessment that it was not discoverable. These arguments conflict with one another. In any event, Defendant presents a compelling argument for its discoverability, namely that it contains a narrative section by the arresting officer. On its face, this strongly suggests that the document contains information related to the subject matter of the case. Moreover, it is in the Prosecution's possession and control. Thus, the Court finds that the Pre-Arraignment Notification Report is subject to automatic discovery (CPL §245.20[1][e]). This leaves the question of whether its omission affects the validity of the COC.
The validity of a COC does not turn on perfection, but rather due diligence and good faith (CPL §245.50[1]; People v Bay, 41 NY3d 200). Due diligence is measured by considering the specific circumstances of the case such as the efforts made by the prosecution to comply with their discovery obligations, the volume of material omitted, the complexity of the case, how obvious the missing materials would have been to a reasonably prudent prosecutor, the prosecution's explanation for the omission, and their response when alerted to the issue (Bay at 212).
Under the circumstances presented here, the Court declines to invalidate the COC based on a single piece of missing discovery. In the Prosecution's COC, they list dozens of items of discovery disclosed, including substantial police paperwork and media files; this single document represents a small fraction of the total discovery in this case. The Court does not credit the Prosecution's argument that they made a good faith legal assessment that it was not subject to automatic discovery, given that they attest not to have known what the document was before Defendant explained in his motion. However, they have demonstrated their efforts to comply with their discovery obligations by timely providing all other materials and issuing a subpoena for the phone records before filing their COC, and by providing the phone records promptly upon receipt with a SCOC. Finally, as the Prosecution states that they did not even know what the Pre-Arraignment Notification Report was previously, it stands to reason that its omission would not have been obvious. The Prosecution has exercised due diligence and filed their COC in good faith. They are ordered to turn over the Pre-Arraignment Notification Report within thirty days (CPL §245.20[1][e]).

CONCLUSION

This case commenced with the filing of an accusatory instrument on November 1, 2024. The Prosecution filed a valid COC and SOR on January 27, 2025, stopping the speedy trial clock at eighty-seven days. Because the Prosecution has not exceeded their ninety-day limit, [*3]Defendant's motion to dismiss is denied (CPL §30.30[1][b]).
This constitutes the decision and order of the Court.
Dated: May 23, 2025
Hon. Joshua Glick, JCC

Footnotes

Footnote 1:The subject of the SCOC was phone records, which the Prosecution subpoenaed on January 24.