People v Kitchens

2026 NY Slip Op 02468

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Keyshawn Kitchens, Defendant-Appellant.

Decided and Entered: April 23, 2026

Ind No. 4301/18|Appeal No. 5543|Case No. 2024-05793|

Before: Moulton, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ.

Rosenberg Law Firm, Brooklyn (Jonathan Rosenberg of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Brandan T. Lantry, J. at speedy trial motion, and Gregory Carro, J., at trial and sentencing), rendered June 1, 2023, convicting defendant of assault in the first degree and assault in the second degree, and sentencing him to concurrent terms of seven years, unanimously affirmed.

Defendant failed to preserve his statutory speedy trial claims, and we decline to review them in the interest of justice (see People v Winston, 177 AD3d 524, 524-525 [1st Dept 2019], lv denied 34 NY3d 1164 [2020]). As an alternative holding, we deny the claims on the merits. On a CPL 30.30 motion the defendant may satisfy their initial burden "by alleging only that the prosecution failed to declare readiness within the statutorily prescribed time period" (People v Luperon, 85 NY2d 71, 77-78 [1995]). In opposition, the People must identify the exclusions on which they intend to rely (see People v Beasley, 16 NY3d 289, 292 [2011]). The defendant preserves challenges to the People's reliance on the exclusions by identifying any legal or factual impediments to the use of those exclusions (id.).

Defendant's argument on appeal is focused on the period from March 28 to May 2, 2019, which was an adjournment sought by the People to obtain DNA test results from the Office of the Chief Medical Examiner. The parties agree that an adjournment for this purpose can qualify as an "exceptional circumstance[]" under CPL 30.30(4)(g). In response to defendant's motion before Supreme Court, the People argued that this period was excludable because they exercised the necessary due diligence in obtaining the DNA testing. Defendant did not submit any reply or dispute the People's representation. Accordingly, Supreme Court properly denied the motion (People v Hatcher, 228 AD3d 565 [2024], lv denied 43 NY3d 1046 [2025] [CPL 30.30 motion properly denied where "[d]efendant did not raise any factual dispute in support of his motion and did not raise any factual dispute in response to the People's showings of excludable time that would require a hearing"]; cf. People v Allard, 28 NY3d 41, 46 [2016] ["By raising challenges to the People's claimed exclusions in a reply or during a CPL 30.30 hearing, a defendant adequately brings his claims to the attention of the trial court at a time and in a way that gives the trial court the opportunity to remedy the problem and thereby avert reversible error"] [internal quotation marks, brackets and citations omitted]).

[*2]

Defendant's claim that the evidence adduced at trial was legally insufficient is also unpreserved. As an alternative holding, we reject it on the merits. Viewing the evidence in the light most favorable to the People, we find that the evidence supporting defendant's convictions under Penal Law §§ 120.10(1) and 120.05(2) was legally sufficient to establish his guilt beyond a reasonable doubt and to merit rejection of his justification defense (see People v Danielson, 9 NY3d 342, 349 [2007]). There was sufficient evidence at trial that defendant was the initial aggressor in his encounter with the victim, and that the victim was not carrying a weapon when defendant stabbed him three times. Although the victim was an interested witness, the jury was free to consider the credibility of his testimony in the light of any inconsistencies highlighted by defendant. The victim's narrative of events was also supported by surveillance video and the testimony of other witnesses. Moreover, the verdict was not against the weight of the evidence, and there is no basis to disturb the jury's credibility determinations (id. at 349-350; see People v Rowe, 192 AD2d 468, 469 [1st Dept 1993], lv denied 82 NY2d 759 [1993]).

Defendant's claim that the prosecutor's allegedly improper remarks at summation denied him a fair trial is also unpreserved, and we decline to review it in the interests of justice. As an alternative holding, we find that the prosecutor's summation was well within the range of acceptable argument and did not unfairly prejudice defendant, as the prosecutor's "approach was understandable in view of the summation delivered by defendant's lawyer" (People v D'Allessandro, 184 AD2d 114, 119 [1st Dept
1992], lv denied 81 NY2d 884 [1993]). Furthermore, the trial court's instructions to the jury alleviated any alleged prejudice from the summation.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026