People v Thompson (2025 NY Slip Op 50805(U))

[*1]

People v Thompson

2025 NY Slip Op 50805(U)

Decided on May 23, 2025

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 23, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Kareem Thompson, Defendant

Docket No. CR-052121-24KN

Prosecution: Kings County District Attorney's Office by ADA Joshua Abraham
Defendant: The Legal Aid Society by Leila Selchaif, Esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that the accusatory instrument is facially insufficient and omissions in the Prosecution's automatic discovery render their Certificate of Compliance (COC) and Statement of Readiness (SOR) illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion to dismiss is GRANTED.
 BACKGROUND AND PRIOR PROCEEDINGS
Defendant was arraigned on a felony complaint charging Attempted Burglary in the Second Degree and related offenses on December 8, 2024 (PL §110/140.25[2]). On December 12, the Prosecution served and filed a Superseding Information (SSI), charging only a single count of Criminal Contempt in the Second Degree (PL §215.50[3]). The same day, the parties appeared in Part AP1F, where Defendant was re-arraigned on the SSI. On February 27, the Prosecution served and filed their COC and SOR. On March 18, the parties appeared in Part DV1, where the Court set a motion schedule for Defendant's COC challenge. Defendant filed the instant motion on April 2; the Prosecution's response deadline was April 23. On April 22, the Prosecution requested an extension to file their response by April 25, which the Court granted. On April 28, the Prosecution served and filed their response. 
Defendant argues the Prosecution's failure to disclose the following items of discovery prior to filing their COC renders it invalid: an Ambulance Call Report (ACR), Giglio materials for a testifying police witness, and a DD5 companion case. Defendant also argues that the accusatory instrument is facially insufficient because it fails to allege that he had knowledge of the order of protection which he is accused of violating.
The Prosecution argues that they exercised due diligence and filed their COC in good faith, as required by CPL §245.50(1). They argue the ACR is not in their possession or control, [*2]and that the emergency medical services workers who treated Defendant were not witnesses to the alleged offense. The Prosecution argues they not required to turn over the Giglio materials Defendant seeks because one item relates to an unsubstantiated claim and the other is from the Civilian Complaint Review Board (CCRB), a third-party agency from whom the Prosecution has already shared everything in their possession. The Prosecution concedes that the companion case is subject to automatic discovery and that they failed to share it but argues that its omission was not obvious in the broader context of the materials. As to the facial sufficiency, the Prosecution argues that, although the order of protection was extended ex parte because Defendant failed to appear, he was on notice that it was in effect because he was present when it was first issued.

RELEVANT LAW
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to "all items and information that relate to the subject matter of the case and are in possession, custody or control of the prosecution or persons under the prosecution's direction and control" (CPL §245.20[1]). The prosecution must perform its initial discovery obligations as soon as practicable, but not later than thirty-five calendar days after arraignment where the defendant is at liberty (CPL §245.10[1][a][ii]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further provides that "[n]o adverse consequences to the prosecution . . . shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
A person is guilty of criminal contempt in the second degree when he intentionally disobeys or resists the lawful process or other mandate of a court except in circumstances arriving from labor disputes (PL §215.50[3]).
Pursuant to CPL §30.30(7)(c), where a defendant is charged with a felony complaint that is later reduced to a misdemeanor complaint, the prosecution must declare trial readiness within ninety days from the date the misdemeanor complaint is filed, so long as the aggregate period has not exceeded six months. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial . . . until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for [*3]an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 

ANALYSIS
The charge of Criminal Contempt in the Second Degree has three essential elements: (1) there must be a clearly expressed lawful court order in effect, (2) the defendant must have knowledge of its provisions, and (3) the defendant must intentionally disobey it (PL §215.50[3]). The defendant's knowledge is essential to establish the requisite mens rea.
The factual portion of the SSI in this case makes the following specific allegations: on December 6, 2024, between approximately 6:30 p.m. and 8:47 p.m., at a specific address in Kings County, the complainant observed Defendant through her window walking upstairs at her building, banging and kicking her apartment door, and stating in sum and substance, "I want to talk to you, let me in." The complainant recognized Defendant's voice.
The SSI further alleges that this "conduct by Defendant was in violation of a Kings County Criminal Court Order of Protection issued by Judge Carolina Holderness under docket number CR-000034-24KN on March 15, 2024, and it is further ordered that this ordered (sic) of protection shall remain in force until and including return on warrant, but if the defendant fails to appear in court on this date, the order may be extended and continue in effect until a new date set by the court, and ordering the defendant to stay away from the [complainant], to stay away from the home of the [complainant], to refrain from communication with the [complainant], and to refrain from assault, stalking, harassment menacing, intimidation, threats, or any other criminal offense against the [complainant]."
Finally, the SSI alleges that the deponent's basis for believing that Defendant had knowledge of the order of protection is that the order is endorsed "ex parte" and "warrant issued for defendant."
The Prosecution asks the Court to take judicial notice of the fact that the underlying order of protection was issued in previous criminal case involving the same complainant, and that the specific order referred to in the SSI was merely an extension granted ex parte because Defendant voluntarily absented himself from proceedings. Their argument rests on a key assumption, that orders of protection cannot be initiated ex parte, so the Court may reasonably infer that Defendant was present when it was originally ordered and that the Court thoroughly explained its terms. Moreover, they argue that the Court always instructs defendants that if they fail to appear, the Court will issue a bench warrant and extend the order of protection in their absence. Taken together, the Prosecution argues this is enough to establish Defendant's knowledge for pleading purposes.
The Prosecution asks the Court to go far beyond the four corners of the document to validate the charge. Although they may be correct that the Court generally requires a defendant to be present and sign any new order of protection it imposes, this has no bearing on the factual pleading set forth here. In short, nothing in the factual pleading indicates that Defendant had knowledge of or had been served with the order of protection. This is facially insufficient in the context of Criminal Contempt in the Second Degree (PL §215.50[3]; People v Delvecchio (Sara), 61 Misc 3d 130[A] [2018] [holding that the pleading was insufficient as to PL §215.50(3) where it stated that the order of protection was issued ex parte and made no allegation that the defendant knew about it or had been served a copy]; see People v Brandel [*4](William), 30 Misc 3d 134[A] [2011]).
Because the SSI contains only a single facially insufficient charge, the Prosecution could not validly state ready for trial. As such, their SOR was illusory. Defendant's contentions regarding discovery are rendered moot.

CONCLUSION
This case commenced with the filing of an accusatory instrument on December 7, 2024. (CPL §30.30[1][b]). The speedy trial clock reset on December 12, when all the felony charges were dismissed and replaced with a misdemeanor accusatory instrument. The Prosecution's SOR, filed on February 27, 2025, was illusory and failed to stop the clock, which ran until the Court set a motion schedule on March 18, 2025. The Prosecution is charged one hundred and one days. Accordingly, Defendant's motion to dismiss is granted (CPL §30.30[1][b]).
This constitutes the decision and order of the Court.
Dated: May 23, 2025
Hon. Joshua Glick, JCC